**Clinton Aaron MUSE, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–90–124–CR.**

Court of Appeals of Texas, Waco.

Aug. 1, 1991.

Walter M. Reaves, Jr., West, for appellant.

John W. Segrest, Crim. Dist. Atty., Juanita Fielden, Asst. Dist. Atty., Waco, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

### OPINION

CUMMINGS, Justice.

Appellant was charged by indictment with the third-degree felony offense of forgery by possession. A jury found him guilty and assessed punishment at one year in a community correctional facility and a $5,000 fine. The Court then entered a judgment of guilty but, contrary to the jury's verdict, assessed punishment at one year in the McLennan County Jail and a $5,000 fine. We will affirm the Court's judgment of guilt, modify the judgment to assess punishment at one year in a community correctional facility and a $5,000 fine, and remand the portion of the cause involving the determination as to which community correctional facility Appellant shall be sentenced.

Appellant, through his first three points of error, contends that the trial court erred in issuing an unauthorized instruction to the jury that the McLennan County Jail is a community correctional facility.

According to § 12.34 of the Texas Penal Code, an individual adjudged guilty of a felony of the third degree shall be punished by either confinement in the Institutional Division of the Texas Department of Criminal Justice for any term of not more than ten years or less than two, or confinement in a community correctional facility for a term of not more than a year. A fine not exceeding $10,000 may also be imposed. TEX.PENAL CODE ANN. § 12.34 (Vernon Supp.1991) (*hereinafter* § 12.34). During their deliberations on punishment, the jury, not knowing what constitutes a community correction facility, requested a definition of the term from the trial court. The following excerpt is the judge's response to the jury's question:

COURT: I have a note which reads as follows: What does a community based correctional system consist of, and it's signed Lester Lancaster, Foreperson. The Penal Code does not define what a community based correctional facility is. A community correctional facility. I intend to instruct them that the only community correctional facility in McLennan county would be the McLennan County Jail. I intend to instruct them that the community correctional facility in McLennan County, is the McLennan County Jail, unless you all have any suggestions. What does the community board correctional system consist of, you are instructed that the community correctional facility in McLennan County is the McLennan County Jail. Does the State have any objections?

[PROSECUTOR]: None from the State, your Honor.

COURT: Any objections?

[APPELLANT'S COUNSEL]: None, your Honor.

Here, the jury, having been instructed that the McLennan County Jail is a community correctional facility, returned a verdict as-

sessing Appellant's punishment at confinement in a community correctional facility for a term of one year and a $5,000 fine. The court then sentenced Appellant to one year in the McLennan County Jail and a $5,000 fine. Thus, the issue raised by Appellant's first three points of error is whether the trial court's designation of the McLennan County Jail as a community correctional facility was unauthorized by the Texas Legislature.

Because the Legislature has failed to define "community correctional facility" statutorily, we must ascertain what they meant by the term through statutory construction. The most common thread running through legal maxims on statutory construction is that the judiciary must choose the construction which best effectuates the intent of the Legislature. *See Patterson v. State*, 769 S.W.2d 938, 940 (Tex.Crim.App.1989). The intent of the Legislature is generally obtained from the language and legislative history of the statute as a whole. *See Newsom v. State*, 372 S.W.2d 681, 682–683 (Tex.Crim.App.1963). If the Legislature did not intend for county jails to be community correctional facilities, then the court's sentence was unauthorized.

An investigation into the legislative history behind the passage of current § 12.34 reveals an express refusal by the State Legislature to allow county jails to serve as community correctional facilities. Several factors support this conclusion. First, a provision in an approved amendment to § 12.34, which would have included county jails as a possible place of confinement for third-degree felons, was purposefully deleted. General Counsel for the County Judges and Commissioners Association, Jim Allison, commented in a hearing before the Senate Criminal Justice Committee,

> We do feel that sentence in a county jail for a felony is a significant change in who is responsible for convicted felons ... [If third-degree felons] are going to do a year, ... it ought to be in a community corrections facility sponsored and paid for by the state and not in a county jail which is not a proper place for a felony.

That the provision allowing for third-degree felons to be confined in county jails was then deleted evidences that the Legislature did not want third-degree felons to be removed from state authority and placed under the province of county government. Second, Section 3(b) of Article 42.131 of the Texas Code of Criminal Procedure specifically requires the existence of a Community Justice Council or a similar agency as a prerequisite to the creation of a community correctional facility. *See* TEX.CODE CRIM.PROC.ANN. art. 42.131, § 3(b) (Vernon Supp.1991). McLennan County has neither. Third, the Legislature intended community correctional facilities to be a new creation, designed to rehabilitate third-degree felons and integrate them into the society of the local community. *See id.* at art. 42.13, § 1. The McLennan County Jail has none of the rehabilitative qualities attributable to community correctional facilities. Fourth, McLennan County has never designated a community correctional facility. And fifth, community correctional facilities are to be under the supervision of Community Justice Councils, not the county sheriff. From these factors, the conclusion necessarily follows that the Legislature did not intend for county jails to be considered community correctional facilities. Therefore, the trial court's sentence was unauthorized.

■ Rule 80(b) of the Texas Rules of Appellate Procedure states,

> The court of appeals may: (1) affirm the judgment of the court below, (2) modify the judgment of the court below by correcting or reforming it, (3) reverse the judgment of the court below and dismiss the case or render the judgment or decree that the court below should have rendered, or (4) reverse the judgment of the court below and remand the case for further proceedings.

TEX.R.APP.P. 80(b). Now that the sentence has been shown to have been unauthorized, our task is to rule upon the judgment accordingly.

Article 42.01 of the Code of Criminal Procedure declares that the defendant

should be punished in accordance with the jury's verdict. Tex.Code Crim.Proc.Ann. art. 42.01, § 1(8) (Vernon Supp.1991). Further, where the trial court's judgment differs from the jury's verdict, the judgment should be reformed to reflect the jury's verdict. *Chudleigh v. State,* 540 S.W.2d 314, 319 (Tex.Crim.App.1976). Such is the situation in this case. The jury actually issued the authorized verdict of one year in a community correctional facility and a fine of $5,000, but the trial court then sentenced Appellant to one year in the McLennan County Jail and a fine of $5,000. Therefore, we will reform the judgment of the trial court to conform to the jury's verdict.

■ The State, by way of reply, maintains that Appellant waived the error by failing to object to the unauthorized instruction of the court, despite an express request by the judge. Further, the State claims that, because the court's error was not calculated to injure Appellant's rights, nor did it prevent him from receiving a fair and impartial trial, the error was not fundamental and Appellant may not raise the issue on appeal.

■ Where a defect of either state or federal constitutional magnitude has not been established at the time of trial, the failure of counsel to object does not constitute waiver. *Ex Parte Chambers,* 688 S.W.2d 483, 486 (Tex.Crim.App.1985), *cert. denied,* 474 U.S. 864, 106 S.Ct. 181, 88 L.Ed.2d 150 (1985) (*quoting Cuevas v. State,* 641 S.W.2d 558 (Tex.Crim.App. 1982)). Article II, § 1, of the Texas Constitution states:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one, those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

Tex. Const. art. II, § 1. The fixing of penalties for crime is a legislative function.

*Ex Parte Davis,* 412 S.W.2d 46, 50 (Tex. Crim.App.1967). What constitutes an adequate penalty is a matter of legislative judgment and discretion, and the courts will not interfere therewith unless the penalty prescribed is outside of constitutional limitations. *Id.* On occasion, appellate courts are permitted to reform penalties which were given following an erroneous instruction where a fine was assessed by the jury although the Legislature did not allow for one; however, an instruction that falsely notifies the jury of the defendant's potential place of confinement goes beyond this narrow exception. Tex.Code Crim. Proc.Ann. art. 37.10(b) (Vernon Supp.1991); *See Ex Parte Johnson,* 697 S.W.2d 605, 608 (Tex.Crim.App.1985). The sentence in the instant case infringes upon the exclusive power of the Legislature to affix penalties for the perpetration of a given crime. Therefore, the trial court's error was fundamental, and Appellant's failure to object did not waive the error.

■ The issue raised by Appellant's fourth point of error is whether reversible error was committed when the State attempted to impeach Appellant with a prior arrest for burglary. The State contends that Appellant "opened the door" to the questions asked by the prosecutor when he made a blanket denial of having had any trouble with the law in the past ten years, other than a couple of speeding tickets.

■ It is well settled that, when a defendant chooses to waive his privilege against self-incrimination by voluntarily taking the witness stand, he is generally subject to the same rules as any other witness. *Bell v. State,* 620 S.W.2d 116, 124 (Tex.Crim.App.1981). The prosecutor may question the defendant about prior arrests so long as the arrests resulted in final convictions or the crime was one of moral turpitude. Tex.R.Crim.Evid. 609(a). An exception exists, however, when the witness, by his direct testimony, leaves a false impression of the trouble he has had with the police. *Nelson v. State,* 503 S.W.2d 543, 545 (Tex.Crim.App.1974). Provided the State pursues the matter of prior arrests in

good faith and does not attempt to impeach the defendant once he has denied having been arrested for the questioned crime, the defendant is considered to have opened the door to the questions. *Id.*

Here, defense counsel asked Appellant if he had been in any trouble with the law since a conviction for aggravated assault in 1978, to which he responded that aside from a couple speeding tickets he had not. This blanket statement was sufficient to leave in the minds of the jurors a false idea of Appellant's conduct as being exemplary. By asking his client if he had been in any trouble since 1978, Appellant's counsel conveyed to the jurors the idea that Appellant had never been in any trouble, even though he had been arrested for burglary in 1976 and convicted for possession of marijuana in 1982. Therefore, the State was justified in asking Appellant about his arrest for burglary to remove the false impression of Appellant's exemplary conduct.

Appellant further maintains that the State attempted to impeach him once he had denied the arrest for burglary by asking him again if he had ever been arrested for the crime. Although the State did ask Appellant twice if he had been arrested for burglary, his counsel objected immediately after the second occurrence. The objection was sustained and the matter was not pursued any further by the State. The fourth point of error is overruled.

We affirm the trial court's judgment of guilt, modify the judgment to assess punishment at one year in a community correctional facility and a $5,000 fine, and remand the portion of the cause involving the determination as to which community correctional facility Appellant shall be sentenced.