COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-206-CR
  
  
JAMES DOUGLAS 
NELSON                                                    APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM COUNTY CRIMINAL 
COURT NO. 8 OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        James 
Douglas Nelson appeals from his conviction for driving while intoxicated (DWI). 
In four issues, appellant complains that: (1) the trial court erred by denying 
appellant’s request for a special jury instruction on the defensive theory of 
medically-induced involuntary intoxication; (2) the trial court’s failure to 
give the special jury instruction on involuntary intoxication violated 
appellant’s constitutional rights to due process under the state and federal 
constitutions and due course of law under the federal constitution; (3) the 
trial court’s failure to give the special jury instruction on automatism was 
calculated to injure the rights of appellant and requires a reversal of the 
conviction because the trial court’s refusal denied appellant the right to a 
fair trial and contributed to his conviction; and (4) the trial court erred by 
entering a judgment sentencing appellant to five days’ confinement instead of 
seventy-two hours, and the judgment must be reformed. We affirm the judgment as 
reformed.
Facts
        Appellant 
was diagnosed with degenerated and herniated discs in his back, and his doctor 
gave him prescriptions for three medications to manage his pain.[1]  Appellant refilled the prescriptions at a local 
pharmacy on August 5, 2002. Approximately eleven days later on August 16, 2002, 
appellant woke up at around 5:00 a.m. with muscle spasms and a numb feeling in 
his arm and took a two-milligram dose of Alprazolam, a muscle relaxant (generic 
Xanax), a thirty-five-milligram dose of Soma (a muscle relaxant), and a 
ten-milligram dose of Hydrocodone (generic Lortab), a narcotic.[2]  
Appellant also ate a sausage biscuit and drank a “protein shake” and coffee 
with his medication. The evening before, appellant also took a generic Darvocet 
for pain relief. Appellant left for work at 6:15 a.m. and arrived at work at 
7:00 a.m. But, thirty-five minutes after being at work appellant still felt 
numbness and pain in his leg and arm, so he decided to drive home. While driving 
home, the Arlington police stopped appellant for driving erratically. The police 
arrested appellant for DWI around 8:30 a.m.
        At 
trial, appellant admitted to taking four types of prescription drugs during the 
morning of and the evening before the stop. He also admitted that this was not 
the first time that he had taken the drugs and that he knew their effects. 
Appellant conceded that the police videotape of him driving showed that he was 
weaving, but contended that he was weaving because he dropped the cigarette 
lighter and was looking for it. Ultimately, appellant admitted at trial that he 
had been intoxicated while driving his car. Police test results of appellant’s 
urine sample were positive for the presence of the drugs Hydrocodone, Alprozolam, 
Propoxyphene, Carisoprodal, and Meprobamate.
        Prior 
to trial, appellant filed several pleadings raising claims of medically-induced 
automatism and involuntary intoxication. Appellant requested a special jury 
instruction on automatism and theories of involuntary intoxication. The trial 
court denied his request and overruled his objections relating to the request. 
The jury convicted appellant of the offense of DWI and assessed punishment.
Jury Instructions
        In 
his first three issues, appellant complains that the trial court erred by 
denying appellant’s requests for special jury instructions on automatism and 
medically-induced involuntary intoxication. Appellant argues that the trial 
court’s denial of his request to give the instructions violated his 
constitutional rights to due process under the state and federal constitutions 
and due course of law under the federal constitution and was calculated to 
injure appellant’s right to a fair trial. The State responds, arguing that 
appellant’s complaints on the special instruction were waived because 
appellant failed to argue how his requested instruction on involuntary 
intoxication was raised by the evidence. Alternatively, the State argues that 
there was no evidence that would require the trial court to charge the jury on 
involuntary intoxication. The State also contends that appellant’s 
constitutional complaints were waived because appellant never presented those 
claims to the trial court for a ruling.
Standard of Review
        Appellate 
review of error in a jury charge involves a two-step process. Abdnor v. State, 
871 S.W.2d 726, 731 (Tex. Crim. App. 1994). Initially, we must determine whether 
error occurred. If so, we must then evaluate whether sufficient harm resulted 
from the error to require reversal. Id. at 731-32. Error in the charge, 
if timely objected to in the trial court, requires reversal if the error was 
“calculated to injure [the] rights of the defendant,” which means no more 
than that there must be some harm to the accused from the error. Tex. Code Crim. Proc. Ann. art. 36.19 
(Vernon 1981); see also Abdnor, 871 S.W.2d at 731-32; Almanza v. State, 
686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g). In other words, a 
properly preserved error will call for reversal as long as the error is not 
harmless. Almanza, 686 S.W.2d at 171. In making this determination, 
“the actual degree of harm must be assayed in light of the entire jury charge, 
the state of the evidence, including the contested issues and weight of 
probative evidence, the argument of counsel and any other relevant information 
revealed by the record of the trial as a whole.” Id.; see also 
Ovalle v. State, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000).
Discussion
        A 
review of the record reveals that appellant did not waive his complaints as the 
State contends. See Tex. R. App. 
P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. 
App. 1998) (op. on reh’g), cert. denied, 526 U.S. 1070 (1999). 
Appellant presented his specific arguments and objections to the trial court at 
the pretrial hearing and in the numerous pleadings filed in the trial court. The 
trial court noted appellant’s objections on the record and denied 
appellant’s request for the special jury instruction. See Tex. R. App. P. 33.1(a)(2). We hold that 
appellant’s complaints regarding the special jury instruction were not waived; 
accordingly, we must address whether appellant was entitled to the special 
instruction and whether the trial court erred by denying it.
        Under 
Texas law, a person commits an offense if the person is intoxicated while 
operating a motor vehicle in a public place. Tex. Penal Code Ann. § 49.04(a) (Vernon 
2003). Intoxicated means “not having the normal use of mental or physical 
faculties by reason of the introduction of alcohol, a controlled substance, a 
drug, a dangerous drug, a combination of two or more of those substances, or any 
other substance into the body.” Id. § 49.01(2).
        Appellant 
requested a voluntariness jury instruction that read “[a] person commits an 
offense only if he voluntarily engages in conduct, including . . . a bodily 
movement, whether voluntary or involuntary.” Other requested instructions 
equated a “voluntary act” to mean a “conscious act.” Appellant also 
requested an instruction on involuntarily intoxication, which instructed the 
jury that a person could not be “voluntarily intoxicated” when the person 
takes prescription medication according to the prescription and has no knowledge 
of the medication’s intoxicating effects. The trial court denied both of the 
requested instructions.
Involuntary 
Intoxication
        Involuntary 
intoxication is a defense to criminal culpability when it is shown that: (1) the 
accused has exercised no independent judgment or volition in taking the 
intoxicant; and (2) as a result of his intoxication, the accused did not know 
that his conduct was wrong or was incapable of conforming his conduct to the 
requirement of the law he allegedly violated. Torres v. State, 585 S.W.2d 
746, 749 (Tex. Crim. App. 1979); Aliff v. State, 955 S.W.2d 891, 893 
(Tex. App.—El Paso 1997, no pet.). Involuntary intoxication by prescription 
medication occurs only “if the individual had no knowledge of possible 
intoxicating side effects of the drug, since independent judgment is exercised 
in taking the drug as medicine, not as an intoxicant.” Mendenhall v. State, 
15 S.W.3d 560, 565 (Tex. App.—Waco 2000), rev’d on other grounds 77 
S.W.3d 815, 818 (Tex. Crim. App. 2002). The defense of involuntary intoxication 
does not apply to persons who are unconscious or semi-conscious at the time of 
the alleged offense. Mendenhall, 77 S.W.3d at 818. Likewise, the defense 
does not apply when, as here, the defendant’s mental state is not an element 
of the alleged offense. Aliff, 955 S.W.2d at 893. DWI requires no 
specific mental state for conviction; in other words, it is a conduct-oriented 
offense. Id.
        We 
note that appellant had been prescribed the medications previously and that the 
day of the incident was not the first time that appellant volitionally took the 
same doses of the drugs together at one time. Thus, there was no evidence in the 
record before us that would raise an issue on the first element of this defense 
under Torres; nothing indicated that appellant took the intoxicating 
drugs unknowingly or without knowledge of their effect. In fact, appellant 
admitted that he started taking the same drugs in 1998 or 1999 and testified 
that he was familiar with their effect. The voluntary taking of prescription 
drugs, which impair mental or physical faculties, is not a defense to DWI. Tex. Penal Code Ann. § 49.10 (Vernon 
Supp. 2004-05); Aliff, 955 S.W.2d at 893 (holding defendant not entitled 
to involuntary intoxication instruction at trial for felony driving while 
intoxicated, as nothing indicated that defendant took the intoxicating drugs 
unknowingly or without knowledge of their effect and because involuntary 
intoxication was defense to criminal culpability and proof of culpable mental 
state was not required for DWI conviction).
        Additionally, 
although involuntary intoxication is a defense to criminal culpability, proof of 
a culpable mental state is not required in prosecutions for intoxication 
offenses, including DWI. Torres, 585 S.W.2d at 749; see also Tex. Penal Code Ann. § 49.11. Thus, 
under both the Torres test and the penal code, appellant was not entitled 
to an instruction on the defense of involuntary intoxication at the 
guilt-innocence phase of trial. We hold that the trial court did not err by 
denying appellant’s request for a special jury instruction on the defensive 
theory of medically-induced involuntary intoxication.
Automatism
        Automatism 
is the defense of unconsciousness and is a “defense related to but different 
from the defense of insanity.” Mendenhall, 77 S.W.3d at 818 n.4 
(quoting Wayne R. LaFave & Austin W. 
Scott, Jr., Substantive Criminal Law § 4.9 (1986)); see also Tex. Penal Code Ann. §§ 6.01, 8.01 
(Vernon 2003) (describing the insanity defense and voluntary act requirements). 
Automatism is defined as “one who engages in what would otherwise be criminal 
conduct is not guilty of a crime if he does so in a state of unconsciousness or 
semi-consciousness.” Mendenhall, 77 S.W.3d at 818 n.4 (quoting Wayne R. LaFave & Austin W. Scott, Jr., 
Substantive Criminal Law § 4.9 (1986)). In the past, Texas courts have 
held that states of unconsciousness or automatism, including epileptic states, 
fall within the defense of insanity. Loven v. State, 831 S.W.2d 387, 391 
(Tex. App.—Amarillo 1992, no pet.) (noting that, if proven, a defendant's 
claim that he or she acted unconsciously during an epileptic seizure is a valid 
insanity defense to murder); Bradley v. State, 102 Tex. Crim. 41, 277 
S.W. 147, 148-50 (1925) (somnambulism, or sleepwalking, recognized as a form of 
insanity); Zimmerman v. State, 85 Tex. Crim. 630, 215 S.W. 101, 106 
(1919) (op. on reh’g) (same rule should apply for “epileptic insanity” as 
for “insanity of any other character”).
        As 
we noted above, prosecutions under the DWI statute do not require proof of a 
culpable mental state. See Tex. 
Penal Code Ann. § 49.11. However, the focus of any insanity defense is 
upon the mental state of the accused at the time of the offense. See id. 
§ 8.01. Because proof of a culpable mental state is not required to convict a 
defendant of driving while intoxicated, the insanity defense cannot be a defense 
to such a charge. See Beasley v. State, 810 S.W.2d 838, 840-41 (Tex. 
App.—Fort Worth 1991, pet. ref’d) (holding that the insanity defense is not 
available in DWI case). If we consider automatism a form of the insanity 
defense, it is likewise not available as a defense to a DWI charge. See id.
        Although 
automatism is sometimes explained in terms of lack of the requisite mental state 
for commission of the crime, more recently the court of criminal appeals noted 
that the better rationale was to consider the defense in terms of the individual 
not engaging in a “voluntary act.” Mendenhall, 77 S.W.3d at 818. 
Appellant takes this position and his argument focuses on automatism as 
involuntary conduct rather than as insanity. He contends that his actual bodily 
movements—driving from work to home—were involuntary due to his 
intoxication.
        Involuntary 
conduct is a defense to prosecution. See Tex. Penal Code Ann. § 6.01. However, 
in Texas a claim of involuntary conduct is not available when the defendant 
voluntarily took the intoxicant. Id. § 8.04(a); see also Torres, 
585 S.W.2d at 749 (holding that the defendant must have exercised no independent 
judgment in taking the intoxicant).
        Nothing 
in the record indicates that appellant was acting involuntarily when he got into 
his car and drove home from work. In fact, appellant testified that he made the 
decision to drive home from work because he was in pain. He recalled making the 
trip home, dropping the lighter in his car while driving, and being pulled over 
by the police. We see no evidence in the record to indicate that appellant was 
unconscious or acting involuntarily when he decided to get into his car and 
drive home from work.
        To 
the extent that appellant is arguing that he was involuntarily intoxicated, we 
noted above that nothing in the record indicated that appellant took the drugs 
involuntarily. He admitted to taking the drugs volitionally to deal with his 
symptoms. He admitted to having taken the same drugs in the same combination 
starting in 1998 or 1999 and stated that he knew their effect. The fact that 
appellant took the prescription drugs voluntarily, knowing their effect, bars 
his claim of involuntary conduct. See Tex. Penal Code Ann. § 8.04(a); see 
also Torres, 585 S.W.2d at 749. Accordingly, we hold that appellant was not 
entitled to a special jury instruction on automatism. The trial court did not 
err by denying appellant’s request for the special jury instruction. We 
overrule appellant’s first three issues.
Judgment
        In 
his fourth issue, appellant complains that the trial court erred by entering a 
judgment sentencing appellant to five days’ confinement instead of seventy-two 
hours’ confinement and the judgment must be reformed.
        After 
deliberating on appellant’s sentence for less than an hour, the jury sent out 
a note asking the trial court whether they were required to assign appellant 
jail time or whether they could choose only a fine. The judge instructed the 
jury on the range of punishment. The jury returned a sentence of zero days’ 
confinement and a non-probated fine of $300. The trial court instructed the jury 
that the minimum range of punishment for the offense was seventy-two hours’ 
confinement and sent the jury back to deliberate. This time, the jury assessed 
appellant’s punishment at seventy-two hours’ confinement, probated, and/or a 
$300 fine. The trial court entered a judgment sentencing appellant to five 
days’ confinement and a $300 fine, both probated for twelve months.
        Appellant 
specifically complains that he timely and validly elected to have the jury 
assess punishment. The jury did so, sentenced appellant to seventy-two hours’ 
confinement, and recommended that the terms of appellant’s confinement be 
probated. Appellant argues that the trial court was without authority to 
sentence appellant to five-days’ confinement, whether probated or not.
        Article 
42.01 of the code of criminal procedure declares that the judgment should 
reflect that the defendant be punished in accordance with the jury's verdict. Tex. Code Crim. Proc. Ann. art. 42.01, 
§ 1(8) (Vernon Supp. 2004-05). Further, where the trial court's judgment 
differs from the jury's verdict, the judgment should be reformed to reflect the 
jury's verdict. Chudleigh v. State, 540 S.W.2d 314, 319 (Tex. Crim. App. 
1976); Muse v. State, 815 S.W.2d 769, 772-73 (Tex. App.—Waco 1991, no 
pet.). There is no provision in the penal code permitting a trial court to alter 
the jury's verdict when it is in conformity with the statutory range of 
punishment. Tufele v. State, 130 S.W.3d 267, 273 (Tex. App.—Houston 
[14th Dist.] 2004, no pet.).
        An 
appellate court may correct and reform a trial court judgment to make the 
judgment congruent with the record. St. Julian v. State, 132 S.W.3d 512, 
517 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d); Nolan v. State, 
39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.). The offense 
of DWI carries a mandatory minimum punishment of seventy-two hours’ 
confinement and the possibility of a fine not to exceed $2,000. Tex. Penal Code Ann. §§ 12.22, 
49.04(b) (Vernon 2003). The jury’s verdict assessing appellant’s punishment 
at seventy-two hours’ confinement, probated, and/or a $300 fine was within the 
statutory range for the offense. We therefore sustain appellant’s fourth issue 
and reform the judgment of the trial court to reflect the jury’s verdict of 
seventy-two hours’ confinement, probated, and a $300 fine.
Conclusion
        Having 
overruled appellant’s first, second, and third issues and having sustained 
appellant’s fourth issue, we affirm the trial court’s judgment as reformed 
to reflect the jury’s verdict.
  
  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
  
 
PANEL A:   LIVINGSTON, 
DAUPHINOT, and MCCOY, JJ.
 
PUBLISH
 
DELIVERED: August 
31, 2004


NOTES
1.  Appellant was diagnosed with 
this condition and was first prescribed medication in late 1998 or early 1999.
2.  Appellant’s doctor did not 
advise him that taking the medications would impair his mental or physical 
faculties, nor did the pharmacy include any labels with or on the prescription 
bottles warning that the medicines would impair his mental or physical 
faculties.