CC: U.S. DEPARTMENT OF JUSTICE
CIVIL RIGHTS DIVISION

JUNE 26, 2015
03,532-01
RECEIVED IN
COURT OF CRIMINAL APPEALS
JUN 30 2015
Abel Acosta, Clerk

# IN THE COURT OF CRIMINAL APPEALS

| | |
|---|---|
| EX PARTE | CASE NO. |
| | 219-81234-2012 |
| DIETRICK LEWIS JOHNSON SR. PRO SE, | 219-81235-2012 |
| APPLICANT, | 219-82905-2012 |

TO: HONORABLE JUDGE'S OF SAID COURT:

IN REGARDS TO MY WRIT OF HABEAS CORPUS, PURSUANT TO ARTICLE 11.07 § 3, OF THE TEXAS CODE OF CRIMINAL PROCEDURE, THAT WAS FILED IN JUDICIAL 219 DISTRICT COURT, COLLIN COUNTY, TEXAS, IN MAY OF 2014.

THERE WAS DESIGNATING ISSUE'S THAT WERE ACCEPTED IN MY CASE, ON "SEPTEMBER 4th, 2014," I WAS BENCH WARRANTED FROM T.D.C.J., TO COLLIN COUNTY DETENTION FACILITY.

DURING MY STAY IN COLLIN COUNTY JAIL, I FILED CIVIL RIGHTS VIOLATIONS ON COLLIN COUNTY SHERIFF'S DEPT. FURTHER, THEY IN RETURN CONTACTED THE DISTRICT COURT, AND AFTER FIVE (5) MONTHS OF BEING BACK ON BENCH WARRANT, I

(1)

WAS TRANSFERRED INTO FEDERAL CUSTODY ON JANUARY 22nd, 2015.

I WAS NEVER CONTACTED BY THE DISTRICT COURT, OR THE COURT APPOINTED ATTORNEY, WHO WAS ASSIGNED TO MY APPEAL PROCESS, REGARDING MY WRIT OF HABEAS CORPUS, PURSUANT TO ARTICLE 11.07 § 3, OF THE TEXAS CODE OF CRIMINAL PROCEDURE.

I AM HERE TODAY, REQUESTING THIS COURT FOR PERMISSION TO FILE A WRIT OF MANDAMUS REGARDING HABEAS CORPUS, LEAVE OF COURT FOR DISCOVERY.

I HAVE REPEATEDLY WROTE TO THE DISTRICT COURT, FILED MOTION(S), AND THEY'VE REFUSED TO ANSWER, OR RESPOND TO ANY MOTIONS FILED WITH SAID COURT.

STATE ASSISTANT DISTRICT ATTORNEY, "CYNTHIA A. WALKER" SUBPOENAED EXCULPATORY EVIDENCE THAT WAS MATERIAL, AND IN FAVOR OF THE DEFENSE, "APRIL 15, 2013." FURTHER, THIS EVIDENCE WAS SUPPRESSED AND NEVER TURNED OVER TO THE DEFENSE. THIS IS WHY I FILED A MOTION

FOR LEAVE OF COURT, FOR DISCOVERY. THEY, (PROSECUTOR'S AND DEFENSE COUNSEL), KNEW I WAS INNOCENT, AND THAT THE COMPLAINING WITNESS WAS ACTUALLY BEING UNTRUTHFUL. THE CLERK OF THE DISTRICT COURT WAS GIVEN (ORDERED) 180 DAYS (TO) TURN OVER DESIGNATING ISSUE'S TO THE APPEALS COURT, THAT WAS NOT DONE

I HAVE WROTE TO THE APPEALS COURT WHO STATES THAT MY CASE NUMBER'S ARE NO WHERE IN THEIR SYSTEM.

## PRAYER

MOVANT IS REQUESTING THIS COURT TO PROCEED WITH A WRIT OF MANDAMUS, REGARDING WRIT OF HABEAS CORPUS, DISCOVERY.

## CERTIFICATE OF SERVICE

I, DIETRICK LEWIS JOHNSON SR, PRO-SE, CERTIFY THAT A TRUE COPY OF FOREGOING WAS MAILED TO THE COURT OF CRIMINAL APPEALS, LOUISE PEARSON, CLERK, 201 W. 14th ST, ROOM 106, AUSTIN, TX 78701, FROM BEAUMONT FCT COMPLEX (MED) P.O. BOX 26040, BEAUMONT, TX 77720, BY PLACING IN THE INSTITUTIONAL MAIL BOX JUNE 26, 2015.

(S) Dietrick Lewis Johnson Sr. 19831-078

(3)

**IN THE COURT OF CRIMINAL APPEALS**
TRAIL CAUSE NUMBER(S)
W- 219-81234-2012 -HC
W- 219-81235-2012 -HC
W- 219-82905-2012 -HC


EX PARTE

DIETRICK LEWIS JOHNSON SR., PRO SE
APPLICANT,

IN THE 219th JUDICIAL
DISTRICT COURT OF
COLLIN COUNTY, TEXAS


**REQUEST**
MOTION FOR WRIT OF MANDAMUS


TO THE HONORABLE JUDGE OF SAID COURT:

Now comes: Dietrick Lewis Johnson Sr., Pro Se applicant, in the above captioned cause and files this, his Pro Se Writ of Mandamus. Applicant would show this Honorable Court the following:

I.
JURISDICTION

This Honorable Court has subject matter jurisdiction over the parties herein, of Aggravated Kidnapping, by section 20.09 Texas Penal Code (2012), Violation of Personal Protection Order Bias/Prejud W/2 previous convictions, by section 25.071, Texas Penal Code (2012), and a Deadly Weapon in Penal Institution, by section 46.10, Texas Penal Code.

II.
SPECIAL STATEMENT TO THE COURT

Applicant is proceeding Pro Se in this action without assistance of professional counsel, has no formal training in law, has no access to any State statue's or law in the federal prison system, for the purpose of researching relevant law

(1)

dealing with the issues in this case. Therefore, applicant moves this Court to review this pleading under the standard established in haines v. Kerner, 404 U.S. 519, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972).

## III.
### CONFINEMENT

Applicant is confined at the Beaumont Federal Correctional Complex (Med), P.O. BOX 26040, Beaumont, Texas 77720, and restrained of his liberty by the Federal Bureau of Prison's.

Confinement was and continues to be imposed to judgment of conviction's registered against him by the 219 Judicial District Court, and the United States District Court for the Eastern District of Texas.

## IV.
### RELEVANT FACTS

In May of 2014, applicant filed a Writ of Habeas Corpus, Pursuant to Article 11.07 § 3, of the Texas Code and Criminal Procedure. This Court issued/granted Designating Issues, of GROUND ONE(1)-PROSECUTORIAL MISCONDUCT, AND GROUND THREE(3) AND FOUR(4)-INEFFECTIVE ASSISTANCE OF COUNSEL. The Clerk of this said Court was supposed to send copie's of Designating Issue's to the Appeals Court within 180 days of applicant being granted designating issue's.

Applicant filed UNDISPUTED FACTS IN GROUND ONE(1), THAT HE WAS DENIED DUE PROCESS OF LAW IN VIOLATION OF ARTICLE 1, SECTION 19, OF THE TEXAS CONSTITUTION. THE 5TH AND 14TH

(2)

AMENDMENTS TO THE UNITED STATES CONSTITUTION, where Assistant District Attorney; "Cynthia A. Walker," withheld exculpatory evidence, (Metro PCS Phone Records), that was material, which she subpoenaed "April 15, 2013, on Docket sheet's in Case NO. 219-81234-2012, Pg. 3 of 5.

In GROUND TWO, Applicant filed Violation of Plea Agreement and Judgment of Sentence, where on December 12, 2013, he was sent to the Texas Department of Criminal Justice, which clearly violated his Judgment of sentence.

In GROUND THREE, Applicant filed Ineffective assistance of counsel, when he was denied due process of law, deprived of equal protection of law as guaranteed by Article one (1), section (19) of the Texas Constitution and the 14th Amendment to the United States Constitution. Applicant's plea of guilty was rendered involuntarily, due to the intentional constitution- al deficient performance rendered from Court appointed trial counsel, in violation of Article one (1), section ten (10), of the Texas constitution and the 6th Amendment to the United States constitution. Defense counsel; "Rafael De La Garza," failed to request for subpoena's, to obtain evidence and for witnesses, before making plea deals with the State. Further, counsel failed to investigate the surrounding conduct of the entire case. See: Hernandez v. State, 726 S.W. 2d 53 at 55 (Tx. Cr. App. 1986). Ex Parte Duffy, 607 S.W. 2d 506 (Tx. Cr. App. 1984). Cannon v. State, 668 S.W. 2d 401 (Tx. Cr. App. 1984). Mcmann v. Richardson, 397 U.S. 758 (1970); Fiest v. Scott, 885 F. Supp. 977 (E.D. Tex. 1995); Citing, Diaz v. Martin 718 F. 2d 1377, 1378 (5th Cir. 1983); Strickland v. Washington,

466 U.S. 668, 104 S.Ct. 2052. 80 L. Ed 2d 674 (1984). EX Parte Lilly, 665 S.W. 2d 490 at 493 (Tx. Cr. App. 1983). Hill v. Lochart, 474 U.S. 52, 57-59 (1985). Ex Parte Welborn, 785 S.W. 2d 391, 393 (Tx. Cr. App. 1990). Ex Parte Fellton, 815 S.W. 2d 773 (Tx. Cr. App. 1991); Cardenas v. Stae, 960 S.W. 2d 941 (Tex. Cr. App. 1998).

In GROUND FOUR (4), Applicant filed Constitutional Deficient Performance by Trial Counsel during Plea Agreement. The record reflects that the Court appointed counsel; "Rafael De La Garza," negotiated a plea deal agreement with the State and signed by the Court. Counsel encouraged applicant to accept a Judgment and Sentence of sixty (60) years, that was viod as a matter of law, where counsel's misrepresented the applicant by saying; "I don't wish to see you in a Texas State prison with Cancer, no air conditioning and with poor health care; they nearly killed Dr. David Russel in Huntsville, Texas, by giving him the wrong medication; I think you should take D.A Cynthia A. Walker's offer of sixty (60) years and spend the rest of your days in the Federal system." The sixth Amendment guarantee's a defendant the right to have Counsel present at all "Critical" stages of the Criminal Proceedings. Mcmann v. Richardson, 397 U.S. 759, 771 (1970). Hamilton v. Alabama, 368 U.S. 52 (1961). Padilla v. Kentucky, 559 U.S.    (2010). Ex Parte Kelly, 676 S.W. 2d 132 (Tx. Cr. App. 1984).

InGROUND FIVE (5), Applicant filed Actual Innocence Definite Miscarriage of Justice claims, and Brady v. Maryland,

(4)

1963 and related case's. The prosecution committed Perjury on the Federal Court, just to get the applicant's guilty plea to stand, and get a Magistrate Judge fact finding and Recommendation DENIED, setting them (State and Federal Prosecutor's), up with slam dunks in both Court's. Further, violating Article 2.01 and 3.01 of the Texas Code of Criminal Procedure. Ex Parte Adams, 768 S.W. 2d 281 (Tex. Cr. App. 1989).,(See Exhibit C & 2 ).

This applicant was benched warranted from (T.D.C.J.), September 4, 2014, he spent five (5) months in Collin County Detention Facility, without hearing from the Court appointed attorney, or this said Court. Further, on January 22, 2015, applicant was transferred into Federal custody, and never heard a single word regarding his Writ of Habeas Corpus, pursuant to Article 11.07 § 3, Tex. Code. Crim. Proc. (2014); that benched warranted him back to Collin County Detention Facility, September 4, 2014. Applicant wrote to the Appeals Court, regarding W219-81234-2012HC W219-81235-2012HC and W219-82905-2012HC, and they stated that they don't have said Case Number(s) no where in their records. I repeatedly, have written to said Court (District 219), regarding this matter, and my request went unanswered. Applicant filed a Motion for Discovery, pursuant to Art. 11.07 § 3, of the Texas Code and Criminal Procedure, which also went unanswered to date.

### PRAYER

Applicant requests that this said Court grant the relief that he seeks in his Writ of Habeas Corpus, pursuant to Art. 11.07 § 3, of the Texas Code and Crim. Proc., and Writ of Mandamus.

(5)

## CERTIFICATE OF SERVICE

I, Dietrick Lewis Johnson Sr., certify that on this day 18 of May, 2015, a copy of this Writ of Mandamus was mailed from Beaumont FCC Complex (Med), P.O. Box 26040, Beaumont, Tx 77720, by placing it in the facility U.S. Postal mail box; To The 219 Judicial District Court of Collin County, 2100 Bloomdale Rd. McKinney, Texas 75071, AND Cort of CRIMINAL APPEALS, LOUISE PEARSON, CLERK, 201 W. 14th ST., Room 106, AUSTIN, TX 78701, JUNE 25, 2015.

(S) _Dietrick Lewis Johnson Sr._
Dietrick Lewis Johnson
19831-078
Beaumont FCC Complex (MED)
P.O. BOX 26040
Beaumont, Texas 77720

CC: U.S. DEPARTMENT of JUSTICE, CIVIL RIGHTS DIVISION, AND Collin County DISTRICT ATTORNEY. (APPEALS Cort)

EXHIBIT-C

<u>UNDER THE TEXAS PENAL CODE</u>

U.S. Department of Justice
Office of Professional Responsibility
950 Pennsylvania Ave. NW
Washington, DC 20530

May 15, 2015

RE: The machination's committed by the State and U.S.

Assistant District Attorney's as follows:

Dear OPR Dept.:

On November 28, 2012, State of Texas case number's; "219-81234-2012, 219-81235-2012 and 219-82905-2012, Assistant District Attorney; "Cynthia A. Walker," postponed a 9:30 AM Pre-Trial Hearing, with Honorable Judge "Scott J. Becker," residing. Further, drove to meet up with this Petitioners U.S. Assistant District Attorney; "Tracey M. Batson," whose the prosecutor in defendants parallel case's; to retrieve a copy of his Federal (11)(C)(1)(C) Plea Agreement. D.A. Walker went to doctrine the petitioner's federal (11)(C)(1)(C) plea agreement, to make it suit her Aggravated Kidnapping case she was prosecuting against this defendant in his State parallel case's. Further, in federal Court, all weapon violation's was dismissed against this defendant during plea negotiations.

On November 28, 2012, at 1:30 PM postponed Pre-Trial hearing in Case NO. 219-81234-2012, 219-81235-2012 and 219-82905-2012, D.A. Walker entered this federal plea agreement into the Court's record, now saying petitioner gave U.S. Marshal's verbal consent

to search a parked, locked vehicle on private property, where a firearm was recovered. Therefore, they (Prosecutor's) doctrined the plea agreement to fit an Aggravated Kidnapping, using the federal (11)(C)(1)(C) plea agreement as a confession to find this petitioner guilty on all his State parallel case's.

Under Texas Penal Code, Section 32.48 (Simulating Legal Process) (a) A person commits an offense if the person recklessly causes to be delivered to another any document that simulates a simmons, complaint, judgment, or other Court process with the intent to: (2) Cause another to; (A) Submit to the putative authority of the document, or (d) If it is shown on the trial of an offense under this section that the simulating document was filed with, presented to, or delivered to a Clerk of a Court or an Employee of a Clerk of a Court created or established under the constitution or laws of this State, there is a rebutable presumption that the document was delivered with the intent described by section (a).

On November 28, 2012, State Assistant District Attorney entered this federal (11)(C)(1)(C) Plea Agreement, into the States record to use as a confession against this petitioner.

After this petitioner saw that the State of Texas was using his Federal Plea Agreement against him, he entered a Motion in Federal Court to withdraw his guilty plea.

On January 30, 2013, at petitioner's Federal hearing to withdraw his guilty plea, the U.S. Assistant District Attorney, had the State Assistant District Attorney actively participating

In the petitioner's federal hearing to withdraw his guilty plea, on video and audio, sitting at the table for federal prosecuting Attorney's.

On March 4, 2013, the United States Magistrate Judge; "Amos L. Mazzant," in his fact finding and recommendation to the District Judge, was to grant petitioner a right to withdraw his guilty plea and to take the case to trial before a jury.

On March 18, 2013, U.S. and State Assistant District Attorney's entered an Objection, certifying that the State of Texas would not use the Federal (11)(C)(1)(C) Plea Agreement as a confession in petitioner's State parallel case's. Further; knowing that the federal plea agreement was already entered into the State's record "November 28, 2012," as confession, five (5) months prior to even entering this objection March 18, 2013.

On April 10, 2013, U.S. District Judge; "Marcia A. Crone," denied the Magistrate Judge fact finding and recommendation, on the grounds that the State of Texas certified that they would not use the Federal Plea Agreement as a confession with the State, and made the guilty plea stand.

Pursuant to the Texas Penal Code, Section 36.04, Improper Influence (a) A person commits an offense if he privately addresses a representation, entreaty, argument, or other communication to any public servant who exercises or will exercise official discretion in an adjudicatory proceeding with an intent to influence the outcome of the proceeding on the basis of consider-

ations other than those authorized by law. (B) for purposes of this section, "adjudicatory Proceeding," means any proceeding before a Court or any other agency of Government in which the Legal rights, powers, duties, or privileges of specified parties are determined.

Under the Texas Penal Code, section 36.02, Bribery (a) A person commits an offense if he intentionally or knowingly offers, confers, or agrees to confer on another, or solicits, accepts, or agrees to accept from another: (1) Any benefits as consideration for the recipient's decision, (Slam Dunk's in both, State and Federal Court's, by getting the guilty plea to stand), opinion, recommendation, vote, or other exercise of discretion as a public servant, party official, or voter; (2) any benefits as consideration for the recipient's decision, vote, recommendation, or other exercise of official discretion in a judicial or administrative proceeding; (4) (C) It is no defense to prosecution under this section that the benefit is not offered or conferred or the the benefit is not solicited or accepted until after; (1) the decision, opinion, recommendation, vote, or other exercise of discretion has occurred; or (2) the public servant ceases to be a public servant.

It's clear that this petitioner was tag teamed by State and U.S. Assistant District Attorney's, who deceived the Federal Court Judge's, simply to set themselves up with slam dunks in both Court's. Further, denying this petitioner his 5th and 14th Amendment to the United States Constitution, depriving him a right to due process and equal protection of the law, by denying him a right to take the case to trial before a jury.

(4)

·Under the Texas Penal Code, section 37.03, Aggravated Perjury, (a) A person commits an offense if he commits perjury as defined in section 37.02, and the false staement: (1) Is made during or in connection with an official proceeding; and (2) Is Material. (b) An offense under this section is a felony of the third degree.

Section 37.04, Materiality, (a) A statement is material, regardless of the admissibility of the statement under the rules of evidence, if it could have effected the course or outcome of the official proceeding. (b) It is no defense to prosecution under section 37.03 (Aggravated Perjury) that declarant mistakenly believed the statement to be immaterial. (C) Whether a Statement is material in a given factual situation is a question of law.

37.13, Record of a Fraudulent Court, (a) A person commits an offense if the person makes, presents, or uses any document or other record with: (1) Knowledge that the document or other record is not a record of a Court created under or established by the constitution or laws of this State or of the United States.

Respectfully submitted,

(S) _Dietrick Lewis Johnson_

Dietrick Lewis Johnson SR.
19831-078
Beaumont FCC (MED)
P.O. BOX 26040
Beaumont, Texas   77720

(5)