**Craig Emmett MENDENHALL, Appellant,**

v.

**The STATE of Texas.**

**No. 1089–00.**

Court of Criminal Appeals of Texas.

June 12, 2002.

Stan Schwieger, Waco, Brian W. Wice, Houston, for appellant.

Robert W. Gage, County Attorney, Fairfield, Matthew Paul, State's Attorney, Austin, for state.

## OPINION

HOLCOMB, J., delivered the opinion of the Court, in which KELLER, P.J., and MEYERS, PRICE, WOMACK, and COCHRAN, JJ., joined.

In this case, we must determine whether the Tenth Court of Appeals erred in holding that the trial court did not reversibly err in refusing to instruct the jury on the affirmative defense of insanity due to involuntary intoxication. We begin our discussion with a review of the relevant facts.[1] A Freestone County grand jury indicted appellant, Craig Emmett Mendenhall, for assaulting a public servant. *See* Tex. Pen. Code § 22.01(b)(1). The case went to trial before a petit jury. At trial the State presented evidence that on March 6, 1997, appellant assaulted a deputy sheriff on duty during appellant's divorce trial. In his defense, appellant presented evidence, including his own testimony, to the effect that (1) approximately six weeks before the assault, appellant's physician informed him that he was diabetic and placed him on a daily regimen of insulin injections; (2) his physician told him little regarding the appropriate diet for control of his illness; (3) in the hours before the assault, he received an insulin injection but failed to eat much afterward, leading to a decrease in his blood sugar; (4) the assault occurred during a brief episode in which he was unconscious or semi-conscious due to hypoglycemia (*i.e.*, low blood sugar); and (5) he "did not knowingly, intentionally, or recklessly try to cause [the victim] harm."

At the close of the evidence, appellant asked the trial court to instruct the jurors on the defense of insanity due to involuntary intoxication, but the trial court refused. The trial court did instruct the

---

1. We discuss only those facts essential to our decision today. The court of appeals' opinion contains a more elaborate discussion of the facts. *See Mendenhall v. State,* 15 S.W.3d 560 (Tex.App.-Waco 2000).

jurors, however, that they could not convict appellant unless they believed beyond a reasonable doubt that his assaultive conduct was intentional, knowing, or reckless.

In closing argument, appellant argued that his "illness" was "the cause of him losing control" and that his assaultive conduct on the day in question was not intentional, knowing, or reckless. The jurors rejected appellant's argument and found him guilty as charged.

On appeal appellant argued that the trial court erred in refusing to instruct the jury on the insanity defense because there was some evidence that, at the time of the alleged offense, he was insane due to involuntary intoxication. The Tenth Court of Appeals agreed and held that the trial court erred in refusing to instruct the jury on the insanity defense because the record contained some evidence that, at the time of the alleged offense, appellant was "incapable of conforming his conduct to the requirements of the law." *Mendenhall v. State*, 15 S.W.3d 560, 566 (Tex.App.-Waco 2000). The court of appeals also held, however, that the trial court's error was harmless because the evidence raising the insanity defense was "tenuous" while the evidence undermining it was "substantial." *Id.* at 567.

We granted review of the court of appeals' decision, pursuant to appellant's petition for discretionary review, to determine whether the court of appeals erred in holding that the trial court's error in refusing to instruct the jury on the insanity defense was harmless. *See* Tex.R.App. Proc. 66.3(b). Later, on our own initiative, we granted review of the court of appeals'

decision to determine, in the first instance, whether the court of appeals erred in holding that the trial court erred in refusing to instruct the jury on the insanity defense. *See* Tex.R.App. Proc. 67.1.

From 1974 to 1983, Texas Penal Code § 8.01(a) provided that "[i]t is an affirmative defense to prosecution that, at the time of the conduct charged, the actor, as a result of mental disease or defect, either did not know that his conduct was wrong or was incapable of conforming his conduct to the requirements of the law he allegedly violated." In *Torres v. State*, 585 S.W.2d 746, 749 (Tex.Crim.App.1979), we held that the defense of insanity due to involuntary intoxication was "implicit" in the language of § 8.01(a).[2] In other words, we held that, under § 8.01(a), it was an affirmative defense to prosecution that, at the time of the alleged offense, the defendant, as a result of a mental defect caused by involuntary intoxication, either did not know that his conduct was wrong or was incapable of conforming his conduct to the requirements of the law he allegedly violated. We further held that, for the purposes of § 8.01(a), intoxication was "involuntary" if the defendant "exercised no independent judgment or volition in taking the intoxicant."[3] *Ibid.*

In 1983 the Legislature amended § 8.01(a) by adding the word "severe" and by deleting the words "either" and "or was incapable of conforming his conduct to the requirements of the law he allegedly violated." Section 8.01(a), as amended, now provides that "[i]t is an affirmative defense to prosecution that, at the time of the conduct charged, the actor, as a result of

**2.** Other jurisdictions have also held that their insanity statutes encompass the defense of insanity due to involuntary intoxication. *See* W. LaFave & A. Scott, *Substantive Criminal Law* § 4.10(f) (1986 & Supp.2002).

**3.** *But see* Annot., *When Intoxication Deemed Involuntary so as to Constitute a Defense to*

*Criminal Charge,* 73 A.L.R.3d 195, 199 (1976)("[T]he courts have considered one to be involuntarily intoxicated when he has become intoxicated through the fault of another, by accident, inadvertence, or mistake on his part, or because of a physiological or psychological condition beyond his control.").

severe mental disease or defect, did not know that his conduct was wrong." Although the 1983 amendment to § 8.01(a) does not change our view that the Legislature intended § 8.01(a) to encompass the defense of insanity due to involuntary intoxication, the precise nature of that defense has clearly changed. It is now an affirmative defense to prosecution that, at the time of the alleged offense, the defendant, as a result of a severe mental defect caused by involuntary intoxication, did not know that his conduct was wrong. It is no longer an affirmative defense to prosecution that, at the time of the alleged offense, the defendant, as a result of a mental defect caused by involuntary intoxication, was incapable of conforming his conduct to the requirements of the law he allegedly violated.

▮▮▮ In this case, the court of appeals held that the trial court erred in failing to instruct the jury on the defense of insanity due to involuntary intoxication. But, under § 8.01(a), is the insanity defense available to a defendant who was unconscious or semi-conscious at the time of the alleged offense, so that it might be said of him that he did not know his conduct was wrong only because he did not consciously know of his conduct at all? We conclude the answer to that question is "no."

▮▮ We have carefully reviewed the legislative history of § 8.01(a), and nothing in it suggests that any legislators intended for the insanity defense to apply to persons who were unconscious or semi-con-

scious at the time of the alleged offense. See *Boykin v. State*, 818 S.W.2d 782 (Tex. Crim.App.1991). Also, the fact that two other defenses—the no-mental-state defense and the no-voluntary-act defense— are readily available to persons who were unconscious or semi-conscious at the time of the alleged offense suggests that the Legislature did not intend for the insanity defense also to apply to them. That is, persons who were unconscious or semi-conscious at the time of the alleged offense may argue either that they lacked the *mens rea* necessary for criminal liability, *see* Tex. Pen.Code § 6.02(a), or that they did not engage in a voluntary act, *see* Tex. Pen.Code § 6.01(a).[4] See *Alford v. State*, 866 S.W.2d 619, 625 (Tex.Crim.App.1993)(Clinton, J., concurring)("voluntary" act means conscious act).

The court of appeals erred in holding that the trial court erred in failing to instruct the jurors on the affirmative defense of insanity due to involuntary intoxication. Consequently, we need not consider the court of appeals' determination that the trial court's "error" was harmless.[5]

We affirm the judgment of the court of appeals.

JOHNSON, KEASLER, and HERVEY, JJ., concurred in the result.

---

4. In their treatise on criminal law, Professors LaFave and Scott explain:
   A defense related to but different from the defense of insanity is that of unconsciousness, often referred to as automatism: one who engages in what would otherwise be criminal conduct is not guilty of a crime if he does so in a state of unconsciousness or semi-consciousness. Although this is sometimes explained on the ground that such a person could not have the requisite mental

state for commission of the crime, the better rationale is that the individual has not engaged in a voluntary act.
W. LaFave & A. Scott, *Substantive Criminal Law* § 4.9 (1986).

5. Since appellant's petition concerns the court of appeals' harmless error analysis, we dismiss it as improvidently granted. *See* Tex. R.App. Proc. 69.3.