Affirmed and Opinion filed October 5, 2004









Affirmed
and Opinion filed October 5, 2004.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NOS. 14-03-00934-CR 

         14-03-00935-CR

____________

 

KENDALL O’BRIAN
GIBBS,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 179th
District Court

Harris County, Texas

Trial Court Cause No. 880,431;
925,622

 



 

O P I N I O N








Appellant, Kendall O’Brian Gibbs, appeals
from his conviction for aggravated robbery and from the revocation of his
probation for a prior robbery conviction. 
After appellant pleaded no contest to the aggravated robbery charge and
true to the allegations in the motion to revoke probation, the trial court
found him guilty of aggravated robbery and revoked his probation.  The court sentenced him to fifteen years
confinement and a $10,000 fine for aggravated robbery and three years’ confinement
and a $500 fine for the probation violation. 
On appeal, appellant contends that the ineffective assistance of his
counsel rendered his pleas involuntary. 
We affirm.

Issues

During the presentence investigation
hearing, appellant introduced evidence, primarily through his own testimony,
suggesting that he was involuntarily intoxicated at the time of the alleged
aggravated robbery.  He now contends that
his trial counsel (1) did not know that involuntary intoxication could be used
as an affirmative defense and, consequently, (2) failed to inform him that it
could be so used.  In two issues,
appellant argues that counsel’s failure amounted to ineffective assistance and
thus rendered his pleas involuntary.

Evidence








The record contains inconsistent evidence
regarding the degree to which appellant was aware of his actions at the time of
the alleged offense.  He signed a
judicial confession admitting that he committed the offense “intentionally and
knowingly.”  He began his testimony by
stating that on the night in question he was with a group of people who were
doing drugs, but that he refused. 
Eventually, he agreed to have an alcoholic drink.  He believes that someone slipped a drug into
the drink because he does not remember what happened after he consumed the
drink and because he would not have been affected to that extent from just that
one drink.  He said that he “passed out”
or “blacked out,” wasn’t aware of what he was doing, and never intended to rob
the store.  At other points in his
testimony, he stated “I know I was wrong,” and “I was conscious but I wasn’t
conscious mentally,” and he admitted that he may have known what was going on
at the time of the offense and just didn’t remember later.  Appellant said that he remembered taking
Xanax after the robbery but he wasn’t aware of what he was doing “[j]ust like
when I robbed that store.”  He further
said that he was with a particular person all day and that that person’s
statement that he picked appellant up after the robbery was false.  Appellant also admitted that he had lied to
the court when he was prosecuted for the prior offense because he told the
court he committed the offense when he really had not.  Two other witnesses testified that they had
heard from other people that someone put something in appellant’s drink on the
night in question.  During closing
argument, defense counsel stated, “We submit to you involuntary intoxication,
that’s mitigation of punishment.”

Analysis

“The constitutional key to validity of a
guilty plea [or plea of no contest] is that it be voluntary and intelligently
made and, if upon advice of counsel, that counsel be reasonably competent and
render effective assistance.”  Meyers
v. State, 623 S.W.2d 397, 401‑02 (Tex. Crim. App. 1981); see also
Nicholas v. State, 56 S.W.3d 760, 769 (Tex. App.—Houston [14th Dist.] 2001,
pet. ref’d) (quoting Meyers).  The
Sixth Amendment to the United States Constitution guarantees the right to
reasonably effective assistance of counsel in criminal prosecutions.  U.S.
Const. amend. VI; McMann v. Richardson, 397 U.S. 759, 771 n.14
(1970).  “When a defendant challenges the
voluntariness of a plea entered upon the advice of counsel, contending that his
counsel was ineffective, ‘the voluntariness of the plea depends on (1) whether
counsel’s advice was within the range of competence demanded of attorneys in
criminal cases and if not, (2) whether there is a reasonable probability that,
but for counsel’s errors, he would not have pleaded guilty and would have
insisted on going to trial.’”  Ex
parte Moody, 991 S.W.2d 856, 857‑58 (Tex. Crim. App. 1999) (quoting
Ex parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997)).








In reviewing an ineffective assistance
claim, an appellate court “must indulge a strong presumption that counsel’s
conduct [fell] within the wide range of reasonable professional assistance;
that is, [appellant] must overcome the presumption that, under the
circumstances, the challenged action might be considered sound trial
strategy.”  Strickland v. Washington,
466 U.S. 668, 689 (1984).  Appellant has
the burden to rebut this presumption by presenting evidence illustrating why
trial counsel acted in the way that he or she did.  Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994).  In the absence
of evidence regarding counsel’s reasons for the challenged conduct, “the record
on direct appeal is simply undeveloped and cannot adequately reflect the
failings of trial counsel.”  Freeman
v. State, 125 S.W.3d 505, 506 (Tex. Crim. App. 2003) (quoting Thompson
v. State, 9 S.W.3d 808, 813‑14 (Tex. Crim. App. 1999)).[1]

Involuntary intoxication constitutes an
affirmative defense if “at the time of the alleged offense, the defendant, as a
result of a severe mental defect caused by involuntary intoxication, did not
know that his conduct was wrong.”  Mendenhall
v. State, 77 S.W.3d 815, 818, (Tex. Crim. App. 2002) (citing Tex. Pen. Code Ann. § 8.01(a) (Vernon
2003)).  Evidence of temporary insanity
caused by intoxication, whether voluntary or involuntary, may be introduced in
mitigation of the penalty for an alleged offense.  See Tex.
Pen. Code Ann. § 8.04(b) (Vernon 2003).[2]








Appellant contends that defense counsel’s
use of the evidence regarding involuntary intoxication only for mitigation
purposes demonstrated that his counsel was unaware that involuntary
intoxication could be used as an affirmative defense.  Appellant further contends that counsel’s
failure to inform him of this option amounted to ineffective assistance and
rendered his plea invalid because it was not voluntarily and intelligently
made.  However, in light of the strong
presumption that counsel’s conduct was reasonable, the statements and evidence
raised by appellant are not sufficient to demonstrate that defense counsel was
ignorant of the use of involuntary intoxication as an affirmative defense.  Indeed, his decision to submit involuntary
intoxication solely in mitigation may have been a strategic move based on an
assessment of the quality of evidence. 
For example, he may have decided, given appellant’s inconsistent
statements, that appellant had a better chance of getting a lenient sentence if
he confessed and pleaded guilty than if he pursued an involuntary intoxication
defense.  Furthermore, the record is
completely silent as to what counsel told appellant about intoxication.  In the face of a silent record, we are not to
speculate on counsel’s strategy, level of knowledge, or what he told his client.  See, e.g., Thompson, 9 S.W.3d
at 813–14.     This record is not sufficient to demonstrate that appellant
received ineffective assistance of counsel or, consequently, that his pleas
were involuntary.  Accordingly, appellant
has failed to meet his burden.  His
issues are overruled.

The trial court’s judgment is affirmed.

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Opinion filed October 5, 2004.

Panel
consists of Chief Justice Hedges and Justices Anderson and Seymore.

Do
Not Publish — Tex. R. App. P.
47.2(b).











[1]  Because the
record on direct appeal typically provides no evidence regarding defense
counsel’s motivations, it is usually preferable to bring ineffective assistance
claims in habeas corpus proceedings.  Rylander
v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).





[2]  The State
contends that appellant could not have used involuntary intoxication as a
defense under section 8.01(a) because he claimed he was unconscious at the time
of the offense.  See Mendenhall,
77 S.W.3d at 818 (stating claim of unconsciousness might give rise to “the
no-mental-state defense and the no-voluntary-act defense,” but it would not
support an insanity defense).  However,
given appellant’s inconsistent statements at the PSI hearing, we shall address
appellant’s issues as he has framed them.