**AFFIRM; and Opinion Filed August 27, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

---

**No. 05-12-00881-CR**

---

**RONALD LYNN COX, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. MB10-25500-E**

---

## MEMORANDUM OPINION

Before Justices Evans, Lewis, and Campbell[1]
Opinion by Justice Campbell

Ronald Lynn Cox was convicted in a bench trial of the offense of driving while intoxicated. The trial court assessed punishment at ninety days' confinement in the county jail and a $300 fine. Imposition of the jail time was suspended and appellant was placed on probation for twelve months. In a single point of error, appellant contends the evidence adduced at trial was not sufficient to support the conviction. We disagree and will affirm.

### FACTS

On the night of August 9, 2010, Susan Burns and Beth Barbara were traveling in separate cars on the President George Bush Turnpike. Burns witnessed appellant's van pass her at a high

---

[1] The Honorable Charles F. Campbell, Senior Appellate Judge, Texas Court of Criminal Appeals, sitting by assignment.

rate of speed, then strike a concrete embankment, cross to the far side of the road, leave the roadway down into a grassy area, flip over several times, and land on its roof.

Barbara was driving on the turnpike and saw dust in the air and stopped when she saw appellant's vehicle upside down in the grass. She went to the vehicle and attempted to help appellant, who was hanging upside down. While she did not think appellant was very coherent, she noted that he did answer her questions. She also saw bottles of Mike's Hard Lemonade in appellant's vehicle. Eventually, two men were able to open the car door and help appellant out. Appellant appeared disoriented, was uncooperative, and resisted the efforts of his rescuers to get him to sit down.

Officer Voelz of the Garland Police Department arrived shortly thereafter and talked with appellant as well as the other witnesses. Voelz smelled alcohol on appellant's person. He also noted appellant had red, watery eyes and slurred his speech. Appellant was, however, responsive to Voelz's questions. He admitted to Voelz that he had consumed one Mike's Hard Lemonade before he started his journey that night. Voelz testified appellant was responsive to questioning and did not seem "out of it." A portable breath test was administered to appellant and he "failed" it. An intoxilyzer test was also administered to appellant at the police station, and soon thereafter appellant was charged with driving while intoxicated. The intoxilyzer results, which were admitted into evidence, showed appellant's blood alcohol content was .131 and .128.

Appellant testified that he did not recall drinking or driving on the night in question. He testified he had a history of sleepwalking and had undergone treatment for sleep disorders for many years. He said he had been taking several medications for quite some time to ameliorate these disorders. He believed he was sleepwalking on August 9 because he had no recollection of the events that night. He opined that he failed to wake up during the events of August 9, and that

–2–

he most likely slept until he woke up in jail eighteen hours later. Appellant admitted he had not to his knowledge ever before driven a car or consumed alcohol while sleepwalking.

Dr. Joyce Shotwell testified she had treated appellant for chronic sleep apnea for three years. Appellant had conveyed his medical history to her which included sleep apnea and sleepwalking. Appellant had told her he cooked and prepared food while sleepwalking. Dr. Shotwell suspected appellant was eating at night while he was sleepwalking. Additionally, Dr. Shotwell was familiar with literature that reported complex behavior such as driving as a form of sleepwalking. Shotwell testified appellant had never complained to her that he was driving while sleepwalking. When asked whether someone who was sleepwalking could answer questions, she stated that answers would be in a nonsensical or very simple way. When asked about appellant's demeanor in the video room at the police station, Shotwell replied she saw nothing that would lead her to believe appellant was asleep.

Shotwell theorized appellant might have consumed alcohol while sleepwalking, although he had told her he rarely drank alcohol, and then suffered an alcohol blackout that caused him to not remember the events of that night. Shotwell conceded appellant was her first sleep driving or sleep drinking patient, and she was actually speculating about appellant's condition on the night in question.

### ARGUMENTS OF THE PARTIES

Appellant stipulated in open court that the State had proved all the elements of the offense of driving while intoxicated except for the element of proof he drank the alcohol voluntarily. *See* TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2012). Appellant contends that although the State adequately proved he drove his van on a public highway while intoxicated under section 49.04(a), the evidence failed to show he did so voluntarily pursuant to section 6.01(a) of the penal code, providing that "a person commits an offense only if he voluntarily

–3–

engages in conduct, including an act, an omission, or possession." *See* TEX. PENAL CODE ANN. § 6.01(a) (West 2011). He contends a medical condition caused him to sleepwalk and consume alcohol, and resulted in him not remembering anything he had done after he finally awakened some eighteen hours later. He contends that because he was not conscious for those eighteen hours, his drinking the alcohol was not voluntary conduct.

The State replies that in a bench trial, the trial court is the final arbiter of the facts proved and the weight and credibility of the witnesses, and there is ample evidence in the record to show appellant consumed the alcohol voluntarily.

### APPLICABLE LAW

In determining the sufficiency of the evidence to support a conviction on appeal, the reviewing court must determine whether, viewing the evidence and inferences therefrom in a light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2010). The trier of fact is the sole judge of the credibility of the witnesses and is free to accept or reject any or all of the evidence presented by either side. *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). An appellate court must defer to the fact finder's evaluation of the credibility and weight of the evidence. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The reviewing court is to determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *See Hooper v. State*, 214 S.W. 3d 9, 16–17 (Tex. Crim. App. 2007).

To sustain a conviction for driving while intoxicated, the evidence must show that appellant operated a motor vehicle while intoxicated in a public place. *See* TEX. PENAL CODE ANN. § 49.04(a). As a general proposition of law, if the definition of an offense does not

–4–

prescribe a culpable mental state, a culpable mental state is nevertheless required, unless the definition plainly dispenses with any mental element. TEX. PENAL CODE ANN. § 6.02(b) (West 2011). In section 49.11, the legislature has done just that, by providing that notwithstanding section 6.02(b), proof of a culpable mental state is not required for conviction of an offense under this chapter. *See* TEX. PENAL CODE ANN. § 49.11(a) (West 2011). The offense of driving while intoxicated under section 49.04(a) qualifies as an offense under "this chapter" in section 49.11(a). As appellant concedes, involuntary intoxication is not a defense to the offense of driving while intoxicated. *See Mendenhall v. State*, 77 S.W.3d 815, 818 (Tex. Crim. App. 2002); *see also Brown v. State*, 290 S.W.3d 247, 250 (Tex. App.—Fort Worth 2009, pet. ref'd).

Conversely, involuntary action, or automatism, is a defense separate and distinct from involuntary intoxication, and is a defense to driving while intoxicated. *See Mendenhall*, 77 S.W.3d at 818 n.4. As explained in *Mendenhall*, the voluntary act construct "is sometimes explained on the ground that such a person could not have the requisite mental state for commission of the crime [but] the better rationale is that the individual has not engaged in a voluntary act." *Id*. (quoting W. Lafave and A. Scott, *Substantive Criminal Law*, § 4.9 (1986)).

### APPLICATION OF LAW TO FACTS

The evidence shows appellant flipped his vehicle after driving erratically on the President George Bush Turnpike, ending the journey with his van upside down and his body strapped in with safety belts. A police witness testified appellant exhibited common signs of intoxication. Two civilian witnesses described appellant as "woozy" and "disoriented," but able to answer questions. Voelz testified appellant freely answered questions in a police interview room and answered them cogently. This is significant because Shotwell testified that a person who was sleepwalking would only be able to answer questions very simplistically or whimsically. Additionally, appellant told Shotwell that he rarely drank alcoholic beverages, but he admitted to

Voelz that he drank one Mike's Hard Lemonade on the night in question, and there were other bottles of it in the vehicle at that time.

Appellant appeared lucid on the DWI video according to the trial court who viewed same as fact finder. Shotwell conceded that her opinion was based largely on speculation and on appellant's representations to her. According to Shotwell, appellant might have been sleepwalking when he initially consumed alcohol, and he was in an alcohol-induced blackout for the remainder of the night. Shotwell's opinion obviously contradicts appellant's testimony that he could not recall the events of the incident because he was sleepwalking and asleep for eighteen consecutive hours.

The trial court, as sole judge of the credibility of the witnesses, was free to accept or reject any or all of the testimony it heard. *See Lancon*, 253 S.W.3d at 707. We conclude the evidence shows beyond a reasonable doubt that appellant voluntarily drove and operated a motor vehicle on a public highway in Dallas County, Texas while under the influence of alcohol. Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.

/Charles F. Campbell/
CHARLES F. CAMPBELL
JUSTICE, ASSIGNED

Do Not Publish
TEX. R. APP. P. 47

120881F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RONALD LYNN COX, Appellant

No. 05-12-00881-CR　　　V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court
No. 4, Dallas County, Texas
Trial Court Cause No. MB10-25500-E.
Opinion delivered by Justice Campbell.
Justices Evans and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 27th day of August, 2013.

/Charles F. Campbell/
CHARLES F. CAMPBELL
JUSTICE, ASSIGNED