

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00264-CR

**LARRY DON HALEY,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 11-02213-CRF-272

## MEMORANDUM OPINION

Larry Haley assaulted his girlfriend, was convicted of the offense of Assault/Family Violence which was enhanced to a felony, and was sentenced to 14 years in prison. TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (West Supp. 2013). He also assaulted his girlfriend's daughter, was convicted of assault, and was sentenced to one year in the county jail. *Id*. § 22.01(a)(1). Because the trial court did not err in failing to instruct the jury on the affirmative defense of involuntary intoxication, and because

Haley's issue regarding the trial court's ruling on his motion to suppress was not preserved, the trial court's judgments are affirmed.

## BACKGROUND

Donald Macy, Haley, Haley's girlfriend, Lisa Cates, and her daughter, Jessica, went to the Flying W bar just down the road from where Macy and Haley worked together at Joe Goodrum Trucking. They all drank at the bar. Haley got mad and left the bar because a mutual friend was "hitting on" Jessica, who was underage. Haley returned to the trucking company and Macy, Lisa, and Jessica soon followed. Haley and Lisa then began arguing. The argument turned into a physical altercation, and Haley struck Lisa in the face with his fist several times. Lisa fell to the ground and appeared to be unconscious. Macy yelled at Haley to stop and called 911. Jessica tried to intervene, and Haley slapped her with an open hand across her face. Macy, with Jessica's help, picked up Lisa and took her to a nearby trailer where Haley lived. Two sheriff's deputies arrived at about the same time Macy and Jessica got Lisa into the trailer. Haley made the initial contact with one of the deputies and said he was sorry for what he had done.

## INVOLUNTARY INTOXICATION-CHARGE ERROR

In his first issue, Haley argues that the trial court erred in failing to give the jury an instruction on the affirmative defense of involuntary intoxication. A claim of jury-charge error is reviewed using the procedure set out in *Almanza*. *Barrios v. State*, 283

S.W.3d 348, 350 (Tex. Crim. App. 2009); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). If error is found, we then analyze that error for harm. *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003).

A defendant is entitled, upon a timely request, to an instruction on any defensive issue raised by the evidence, regardless of whether the evidence is strong or weak, unimpeached or contradicted and regardless of whatever the trial judge may think about the credibility of the evidence. *See Rogers v. State*, 105 S.W.3d 630, 639 (Tex. Crim. App. 2003); *Arnold v. State*, 742 S.W.2d 10, 13 (Tex. Crim. App. 1987).

Insanity is an affirmative defense to prosecution that, at the time of the conduct charged, the actor, as a result of severe mental disease or defect, did not know that his conduct was wrong. TEX. PENAL CODE ANN. § 8.01(a) (West 2011). The Court of Criminal Appeals has determined that the insanity defense also encompasses the defense of insanity due to involuntary intoxication. *Mendenhall v. State*, 77 S.W.3d 815, 818 (Tex. Crim. App. 2002). Thus, it is an affirmative defense to prosecution that, at the time of the alleged offense, the defendant, as a result of a severe mental defect *caused by involuntary intoxication*, did not know that his conduct was wrong. *Id.* (Emphasis added). Intoxication is involuntary if the defendant exercised no independent judgment or volition in taking the intoxicant. *See Torres v. State*, 585 S.W.2d 746, 749 (Tex. Crim. App. 1979).

Although it was undisputed that Haley drank at the bar, Haley argues that testimony by Donald Macy raised the issue that Haley's intoxication was involuntary, *i.e.*, that he "exercised no independent judgment or volition in taking the intoxicant," thus warranting an instruction in the charge on involuntary intoxication. Macy testified that: 1) Haley was madder than he had seen him before; 2) Haley was acting crazy and different, almost like someone had spiked his drink; 3) Macy had heard of spiking drinks at the Flying W; 4) Haley told Macy he thought someone may have spiked his drink and he was out of character; and 5) Macy thought Haley was out of character. Even assuming this testimony constitutes some evidence that Haley's intoxication was involuntary, a holding we specifically do not make,[1] Haley offered no evidence that, because of the involuntary intoxication, he did not know his conduct was wrong. *See e.g.*, *Lewis v. State*, No. 05-12-00837-CR, 2013 Tex. App. LEXIS 13607 (Tex. App.—Dallas Oct. 31, 2013, pet. ref'd) (not designated for publication) (even if intoxication involuntary, evidence did not permit a rational jury to conclude defendant did not know conduct was wrong); *Harris v. State*, No. 02-09-00177-CR, 2011 Tex. App. LEXIS 1600 (Tex. App.—Fort Worth Mar. 3, 2011, no pet.) (not designated for publication) (same); *Scott v. State*, No. 03-07-00654-CR, 2009 Tex. App. LEXIS 1165 (Tex. App.—Austin Feb. 20, 2009, no pet) (not designated for publication) (same). A defendant must establish that his involuntary intoxication caused him to not know his conduct was

---

[1] We also do not address whether Haley was required to confess that his actions violated the statute before being entitled to this defense or whether he did confess.

wrong. *Mendenhall v. State*, 77 S.W.3d 815, 818 (Tex. Crim. App. 2002); *see Arabie v. State*, 421 S.W.3d 111, 114 (Tex. App.—Waco 2013, pet. ref'd). He must do more than merely present evidence of intoxication or even gross intoxication. *Arnold v. State*, 742 S.W.2d 10, 14 (Tex. Crim. App. 1987); *see Arabie*, 421 S.W.3d at 114.

The closest any testimony comes to supporting this element of the defense is that Macy and Haley thought Haley was "out of character." This is no evidence that, because of involuntary intoxication, Haley did not know beating Lisa and striking Jessica was wrong. Further, when the Sheriff's deputy arrived at the scene, and before the deputy even knew what happened, Haley apologized for what he had done. This indicates Haley knew his conduct was wrong. *See Graham v. State*, 566 S.W.2d 941, 952 (Tex. Crim. App. 1978) (apologies after beatings indicate an awareness of acts and of wrongfulness).

Accordingly, the trial court did not err in failing to include an instruction on involuntary intoxication in the court's charge to the jury. Haley's first issue is overruled.

**MOTION TO SUPPRESS**

In his second issue, Haley contends the trial court erred in denying his motion to suppress because a video/audio tape of the statements made by Haley had been erased by the Sheriff's Department. Specifically, Haley argues on appeal that "the destruction of the audio/videotape recording evidencing 'spontaneous' post-arrest statements was a

violation of appellant's due process rights under the Federal and State Constitutions."

Haley's complaint on appeal "centers on the destruction of the audio/videotape of the 'spontaneous' statement" and that it was destroyed in bad faith by the Sheriff's Department. However, Haley did not raise this theory in his written motion to suppress or at the hearing on the motion to suppress. Rather, in the written motion, Haley contended that: 1) any statements were involuntary and coerced; 2) Haley was deprived of his right to counsel and did not waive that right; 3) the statements were tainted by an illegal detention and arrest; 4) the statements were taken in violation of Article 38.22 of the Texas Code of Criminal procedure; and 5) the admission violated Haley's rights pursuant to the United States and Texas Constitutions. At the hearing, Haley specifically argued only that the admission of one of his statements violated the best evidence rule and that it was more prejudicial than probative.

These complaints do not comport with the complaint raised on appeal. A complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial. *See* TEX. R. APP. P. 33.1; *Lovill v. State*, 319 S.W.3d 687, 691-692 (Tex. Crim. App. 2009). Accordingly, because Haley's issue does not comport with the complaint made at trial or in his motion to suppress, the issue presents nothing for review and is overruled.[2]

---

[2] *Youngblood* appears to still be the controlling test when the State has destroyed potential evidence. *See Ex parte Napper*, 322 S.W.3d 202 (Tex. Crim. App. 2010). In this proceeding, there was no evidence presented that showed or suggested the State's destruction of the evidence was in bad faith.

**CONCLUSION**

Having overruled each issue on appeal, we affirm the trial court's judgments.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed July 3, 2014
Do not publish
[CR25]