ACCEPTED
05-15-00347-CR
FIFTH COURT OF APPEALS
DALLAS, TEXAS
9/18/2015 1:48:01 PM
LISA MATZ
CLERK

5th Court of Appeals
FILED: 9/22/2015
Lisa Matz, Clerk

*ORAL ARGUMENT REQUESTED*

**CAUSE NO. 05-15-00347-CR**

RECEIVED IN
5th COURT OF APPEALS
DALLAS, TEXAS
9/18/2015 1:48:01 PM
LISA MATZ
Clerk

*IN THE*
*COURT OF APPEALS*
*FIFTH DISTRICT OF TEXAS*
*AT DALLAS*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OJAY JOHNSON,**
**Appellant**

**v.**

**THE STATE OF TEXAS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On Appeal from the 195th District Court
Dallas County, Texas
Trial Court Cause No. F13-47079-N

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**BRIEF OF APPELLANT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Lawrence B. Mitchell
SBN 14217500
P.O. Box 797632
Dallas, Texas 75379
Tel. No.: 214.870.3440
E-mail: judge.mitchell@gmail.com

ATTORNEY FOR APPELLANT

# IDENTITY OF PARTIES

**Trial Judge**: the Honorable Judge Fred Tinsley, presiding.

**Parties**:

Appellant:   Ojay Johnson

Appellee:    The State of Texas and Dallas County, Texas

**Trial Counsel**:

Attorney for Defendant/Appellant:

Bernard Nwaiwu
P.O. Box 744155
Dallas, Texas 75374

Trial Attorneys for the State:    Mr. Dimitrios Anagnostis
 and Ms. Kishwer Lakhani
133 N. Riverfront Blvd.
Dallas, Texas 75207

**Appellate Counsel**:

Attorney for Appellant:  Lawrence B. Mitchell
P.O. Box 797632, Dallas, Texas, 75379

Attorneys for the State/Appellee:

Ms. Susan Hawk, Criminal District Attorney, Dallas County, Texas, Assistant District Attorney Lori Ordiway, or her designated representative on appeal, 133 North Riverfront Blvd., Dallas, Texas 75207

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL..............................................................i

INDEX OF AUTHORITIES.............................................................................ii

STATEMENT OF THE CASE..........................................................................2

ISSUES PRESENTED....................................................................................2

STATEMENT OF FACTS...............................................................................3

SUMMARY OF THE ARGUMENTS....................................................................4

ARGUMENT AND AUTHORITIES......................................................................5

     APPELLANT'S ISSUE NO. I........................................................................5

**APPELLANT HAS BEEN DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FOURTEENTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**

PRAYER FOR RELIEF..................................................................................12

CERTIFICATE OF WORD-COUNT COMPLIANCE.............................................12

CERTIFICATE OF SERVICE..........................................................................13

# INDEX OF AUTHORITIES

**CASES:**

*Arabie v. State*, 421 S.W.3d 111 (Tex. App. - Waco 2013)............................7

*Arnold v. State*, 742 S.W. 2d 10 (Tex. Crim. App.1987)..............................7

*Cochran v. State*, 78 S.W.3d 20 (Tex. App. - Tyler 2002)...........................10

*Cordova v. State*, 733 S.W.2d 175 (Tex. Crim. App. 1987) ........................7

*Ex parte Martinez*, 330 S.W.3d 891 (Tex. Crim. App. 2011).......................10

*Goodspeed v. State*, 187 S.W.3d 390 (Tex. Crim. App. 2005)......................9

Johnson v. State, 452 S.W.3d 398 (Tex. App. - Amarillo 2014)...................8

*Lopez v. State*, 343 S.W.3d 137 (Tex. Crim. App. 2011)............................10

*Mendenhall v. State*, 77 S.W.3d 815 (Tex. Crim. App. 2002).......................7

*Menefield v. State*, 363 S.W.3d 591 (Tex. Crim. App. 2012)........................9

*Nava v. State*, 415 S.W.3d 289 (Tex. Crim. App. 2013)...............................8

*Perez v. State*, 310 S.W.3d 890 (Tex. Crim. App. 2010)...............................9

*Strickland v. Washington*, 466 U.S. 668 (1984)...........................................8

**STATUTES:**

**TEXAS PENAL CODE:**

**TEX. PENAL CODE ANN. §8.04 (a)**..........................................7

**TEX. PENAL CODE ANN. §8.04 (b)**..........................................7

**TEX. PENAL CODE ANN. §22.02 (a) (1) & (b) (1)**....................2


**TEXAS CODE OF CRIMINAL PROCEDURE:**

**TEX. CODE CRIM. PROC. ANN. art. 1.13 (a)**........................................2

**CONSTITUTIONAL PROVISIONS:**

**U.S. Const., Amend. VI**.........................................................11

**U.S. Const., Amend. XIV**.......................................................11

**TEXAS RULES OF APPELLATE PROCEDURE:**

**TEX. R. APP. PROC. 9.4 (i) (1)**.............................................12

**TEX. R. APP. PROC. 9.4 (i) (3)**.............................................12

**CAUSE NO. 05-15-00347-CR**

*IN THE*
*COURT OF APPEALS*
*FIFTH DISTRICT OF TEXAS*
*AT DALLAS*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OJAY JOHNSON,**
**Appellant**

**v.**

**THE STATE OF TEXAS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:*

**COMES NOW** Ojay Johnson, Appellant herein, and respectfully submits this his brief of appeal from his conviction for the offense of Aggravated Assault. Judgment was rendered in the 195th District Court, Dallas, County, Texas, Judge Fred Tinsley presiding.

1

# STATEMENT OF THE CASE

Appellant was charged by indictment with the first degree felony offense of Aggravated Assault in that he caused serious bodily injury to a member of his family and household by using a deadly weapon. [CR: 8]. See **TEX. PENAL CODE ANN. §22.02 (a) (1) & (b) (1)**. Appellant waived his right to a trial by jury with the consent and approval of the district court and the State. See **TEX. CODE CRIM. PROC. ANN. art. 1.13 (a)**. [CR: 138-141]. Appellant pled guilty without the benefit of a plea bargain. [RR2: 5]. Based upon the plea and the evidence presented, the district court found appellant guilty and assessed his sentence at confinement in the Institutional Division of the Texas Department of Criminal Justice for twelve [12] years. [RR2: 139-140]. Notice of appeal was timely given. [CR: 148].

# ISSUE PRESENTED

## ISSUE NO. I

**APPELLANT HAS BEEN DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FOURTEENTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**

**STATEMENT OF FACTS**

Appellant does not contest the sufficiency of evidence. His judicial confession admitting each and every element of the offense charged was admitted into evidence. [RR2: 6]. He was identified as the perpetrator by his grandmother, the victim. [RR2: 7-8]. Appellant testified and admitted committing the offense under the influence of PCP. [RR2: 118 - 128].

## SUMMARY OF THE ARGUMENT

Appellant appeared to be suffering from a drug induced psychosis while committing the offense. His drug of choice was PCP.

Prior to trial appellant was examined by a psychiatrist and, based upon her examination, appellant was diagnosed as suffering from a mental illness: Psychotic Disorder secondary to PCP usage. Trial counsel did not present this witness in mitigation of penalty. The failure to do so rendered counsel's assistance ineffective in violation of the United States Constitution. Although appellant was eligible for deferred adjudication punishment, the trial court, without the benefit of the mitigating testimony, declined to consider this form of punishment and instead set appellant's punishment at confinement in the penitentiary for twelve (12) years, seven (7) years above the minimum incarceration sentence for conviction of a first degree felony offense.

# ARGUMENT AND AUTHORITIES

## APPELLANT'S ISSUE NO. I

### APPELLANT HAS BEEN DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FOURTEENTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

Appellant's recollection of the events surrounding the offense was limited because, in his words, on that day he "was spaced out." [RR2: 117]. On the day of the offense he smoked PCP and marijuana. [RR2: 118]. He had abused PCP since he was eighteen without his family's knowledge. [RR2: 118]. He continued to use drugs even while serving a prior probation. [RR2: 121]. While under the influence of the drug he would lose control. [RR2: 122]. Appellant had been awake for two days before committing the offense and was suffering from hallucinations. [RR2: 128].

Approximately nine months prior to trial the district court became concerned that appellant might suffer from a mental illness. Dr. Lisa Clayton was appointed to examine appellant for possible mental incompetency. [CR: 19]. The evaluation occurred a few days later.

Dr. Lisa Clayton is a self described practitioner of Forensic and General Psychiatry. Her full report is contained in the Clerk's Record at pages 21 through 23. She concluded, based upon her evaluation, that appellant was mentally competent

to stand trial. He had a general understanding of the charge pending, the range of punishment for the charge, and the responsibilities of the trial participants, i.e. defense attorney, prosecutor, and judge. He had an adequate understanding of the plea bargaining process.

These were not her only conclusions. It was her medical opinion that appellant was suffering from a mental illness which she described as "Psychotic Disorder secondary to PCP usage." [CR: 20]. It was also her opinion that appellant had a "severe" chemical dependence issue with addiction to Xanax, PCP and marijuana. [CR: 20]. Most importantly, it was her "...medical opinion (that) Mr. Ojay Johnson's criminal charge is directly related to his substance abuse issues." [CR: 20].

Dr. Clayton also stated that it was her medical opinion that appellant would "...greatly benefit from a court mandated drug treatment program." [CR: 20]. This was in accord with appellant's punishment strategy and request that the court consider placing him under community supervision with in-house drug treatment. [RR2: 124].

Dr. Clayton's conclusions and report are contained within the Clerk's Record and the court did take judicial notice of the contents of appellant's file. [RR2: 135]. However, the court's attention was not directed specifically to the report or her conclusions. Dr. Clayton was not called by the defense as a witness in mitigation of penalty. She therefore did not explain in detail the nature of appellant's psychosis or

the role that it had played in the commission of the offense. She also was not present as a witness to expand on what drug treatment program she would recommend or how appellant would benefit "greatly" from it.

Voluntary intoxication which causes "temporary insanity" does not constitute a defense to a criminal act such that it would absolve the perpetrator from penal liability. **TEX. PENAL CODE ANN. §8.04 (a)**. However, depending upon the severity of the intoxication, it may be admissible during punishment in mitigation of penalty. **TEX. PENAL CODE ANN. §8.04 (b)**. Evidence of "temporary insanity" caused by voluntary intoxication can be used by the sentencing authority to lessen the punishment assessed for the convicted person. *Arabie v. State*, 421 S.W.3d 111, 113 (Tex. App. - Waco 2013).

In order to seek mitigation of punishment because of voluntary intoxication, the defendant must establish that he was intoxicated and that the intoxication rendered him "temporarily insane." *Arnold v. State*, 742 S.W. 2d 10, 14, (Tex. Crim. App. 1987). The defendant must establish that his voluntary intoxication caused him to not know his conduct was wrong. *Mendenhall v. State*, 77 S.W.3d 815, 817-818 (Tex. Crim. App. 2002). The defendant must show that either intoxication made him unaware that what he was doing was wrong, or it made him incapable of conforming his conduct to the law. *Cordova v. State*, 733 S.W. 2d 175, 190 (Tex. Crim. App.

7

1987); *Johnson v. State*, 452 S.W.3d 398, 407 (Tex. App. - Amarillo 2014).

In the pending cause appellant claimed, and it was not disputed, that he was under the influence of PCP when he committed the offense. He was, in his words, "spaced out." Combine this testimony with Dr. Clayton's assessment in her report that the criminal offense committed by appellant was directly related to his use of PCP, appellant was on the path to establishing "temporary insanity" from voluntary intoxication entitling him to seek mitigation of penalty and comprehensive drug treatment under community supervision rather than incarceration. However, without Dr. Clayton's testimony on this issue, appellant's mitigation argument based upon "temporary insanity" was unsupported by any expert testimony.

To prove that he received ineffective assistance of counsel, the appellant must demonstrate by a preponderance of the evidence both deficient performance by counsel and prejudice suffered by him at at trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013). Appellant must first establish that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 687–88; *Nava*, 415 S.W.3d at 307. Second, appellant must then establish the existence of a reasonable probability - one sufficient to undermine confidence in the outcome - that the result of the proceeding would have been different absent

8

counsel's deficient performance. *Strickland*, 466 U.S. at 694; *Nava*, 415 S.W.3d at 308. The failure to make the required showing of either of the two prongs of this appellate review test, deficient performance or sufficient prejudice, will result in the Court ruling against him on his claim of ineffective assistance of counsel. *Strickland*, 466 U.S. at 700; see *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).

In conducting the review in this case of appellant's claim of ineffective assistance counsel, this Court will "indulge in a strong presumption that counsel's conduct was not deficient." *Nava*, 415 S.W.3d at 307–08; see *Strickland*, 466 U.S. at 686. For the appellant to successfully rebut this presumption, the claim of ineffective assistance must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012); *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). An appellate court should reverse a conviction for the ineffective assistance of counsel when the challenged conduct of trial counsel was "so outrageous that no competent attorney would have engaged in it." *Menefield*, 363 S.W.3d at 593).

Of course after establishing the unreasonableness of counsel's error(s), the appellant has the further burden of showing that the error(s) actually had an adverse

effect on the defense or the punishment assessed. *Strickland*, 466 U.S. at 693–95; *Cochran v. State*, 78 S.W.3d 20, 24 (Tex. App. - Tyler 2002). Merely showing that the actions or omissions of counsel during trial were of questionable competence and that the error(s) of counsel had only some conceivable effect on the proceedings will not warrant reversal. *Lopez v. State*, 343 S.W.3d 137, 142–43 (Tex. Crim. App. 2011); *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011). The appellant must prove that counsel's errors, judged by the totality of the representation, denied him a fair trial. *Strickland*, 466 U.S. at 695.

In the instant cause the underlying facts of the offense were brutal. Appellant attacked his aging and infirm grandmother in her own home in an attempt to steal from her. [RR2 7-8]. He bit her on the fingers and attempted to suffocate her with a pillow. [RR2 - 8]. The victim thought that appellant should receive a penitentiary sentence of between ten (10) and twenty (20) years. [RR2 - 23]. Two other witnesses testified to the devastation suffered by the victim because of the attack. [RR2 - 38-40; 50]. Both of these witnesses thought that appellant deserved significant time in the penitentiary for the damage he caused to his grandmother.

To rebut this devastating evidence appellant relied on the testimony of relatives who were generally supportive of him and his own testimony. [RR2 - 52; 95; 102]. The testimony of Dr. Clayton would have been paramount in explanation of his

10

behavior on the day of the offense.  It was her expert opinion that appellant suffered from a recognized psychiatric disorder related to his extensive use of PCP and that the offense was directly related to this disorder. Her unbiased and expert testimony would have established that appellant was "temporarily insane" from his voluntary intoxication which under the law is a mitigating circumstance. As important, considering appellant's request that he be placed under community supervision with drug treatment, Dr. Clayton believed, in her expert opinion,  that appellant   would benefit greatly from a drug treatment program.

It is true that when the district court took judicial notice of appellant's file he could rely of Dr. Clayton's report in determining the appropriate sentence: community supervision or penitentiary time. However, the court's file in this case is quite lengthy. At a minimum, trial counsel should have at least directed the court's attention to the doctor's report. But more importantly, Dr. Clayton should have been called as a witness to explain and amplify on her opinions. The failure to present Dr. Clayton as a mitigation witness was ineffective representation by defense counsel to the detriment of appellant in the eventual assessment of sentence. Appellant has therefore been denied his Sixth and Fourteenth Amendment constitutional right to the effective assistance of counsel. The pending cause should be reversed and remanded for a new trial.

# PRAYER FOR RELIEF

**WHEREFORE, FOR THE FOREGOING REASONS,** Appellant prays that this Honorable Court reverse and remand this conviction to the trial court for a new trial.

**Respectfully submitted,**

**/S/ Lawrence B. Mitchell**
**LAWRENCE B. MITCHELL**
**SBN 14217500**
**P.O. Box 797632**
**Dallas, Texas 75379**
**Tel. No.: 214.870.3440**
**E-mail: judge.mitchell@gmail.com**

**ATTORNEY FOR APPELLANT**

# CERTIFICATE OF WORD-COUNT COMPLIANCE

The undersigned attorney hereby certifies, in compliance with **TEX. R. APP. PROC. 9.4 (i) (3)** that this document contains 1959 words, including all contents except for the sections of the brief permitted to be excluded by **TEX. R. APP. PROC. 9.4 (i) (1).**

**/s/ Lawrence B. Mitchell**
**LAWRENCE B. MITCHELL**

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copoy of the foregoing brief is being served on the attorney for the State of Texas, Lori Ordiway by e-mail at <u>lori.ordiway@dallascounty.org</u> on this the 17th day of September, 2015.

<u>**/s/ Lawrence B. Mitchell**</u>
**LAWRENCE B. MITCHELL**