**Opinion issued March 10, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00185-CR

————————————

**JASON A. SNAVELY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 230th District Court
Harris County, Texas
Trial Court Case No. 1404979

## MEMORANDUM OPINION

A jury convicted appellant, Jason A. Snavely, of aggravated assault of a

family member,[1] enhanced by a previous felony conviction for aggravated robbery,

---

[1]    *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).

and assessed his punishment at fifty-five years' confinement. In one point of error, appellant contends that his trial counsel was ineffective for presenting an inapplicable defense at the guilt-innocence phase of trial. We affirm.

## Background

Odell "Joe" Jackson shared a home in Houston with his nephews, Christopher Wetzel and appellant, appellant's girlfriend, Susan Allen, and their two-year old son. On October 15, 2013, Jackson and Wetzel were sitting in their backyard and talking when they heard what sounded like a firecracker go off in the house. The sound occurred because appellant had picked up a shotgun and fired a shot through his bedroom door, where Allen and his son were located. Appellant then opened the back door and shot Wetzel in the face, and turned to Jackson and told him, "you're next." Jackson jumped behind appellant, grabbed the shotgun, and held it against appellant's chest while Wetzel ran across the street for help. Once appellant was calm, Jackson released him and they walked inside the house. When appellant grabbed a knife in the kitchen, Jackson ran outside and gave the shotgun to firefighters who had arrived at the scene. Upon emerging from the house, appellant was placed under arrest.

Before trial, appellant's appointed counsel sought psychiatric evaluations of appellant to determine both his competency to stand trial and his sanity at the time of the charged offense. The evaluator found that appellant was competent to stand

trial and that his state of mind at the time of the conduct charged did not satisfy the statutory criteria for insanity.

At trial, counsel cross-examined the State's witnesses. Jackson testified that he was aware that appellant has had mental issues and that, on the morning of the shooting, he and Wetzel had discussed hallucinations that appellant had experienced the previous night. Allen, a defense witness, testified that she met appellant at a mental hospital twenty-eight years ago and that appellant suffered from back pain and depression as a result of the pain. She further testified that appellant appeared dazed and in a fog on the morning of the shooting. Appellant testified that, on the night before the shooting, he was feeling a bit depressed and asked Wetzel to give him something for his headache. He testified that after he took the pill Wetzel gave him, he felt dizzy and strange and had difficulty falling asleep. Appellant testified that he remembered waking up the morning of the shooting and then being arrested outside his house, but that he did not recall anything else. In his closing argument, trial counsel argued that the State had failed to prove that appellant intentionally or knowingly caused Wetzel's injuries.

The jury found appellant guilty of aggravated assault of a family member. Having found the enhancement paragraph alleging a prior felony conviction for aggravated robbery true, the jury assessed appellant's punishment at fifty-five years' confinement. Appellant timely filed this appeal.

**Discussion**

In his sole point of error, appellant contends that his trial counsel was ineffective because he misunderstood the law and presented an inapplicable defense of involuntary intoxication at the guilt-innocence phase of trial.

## A. Standard of Review

The standard of review for evaluating claims of ineffective assistance of counsel is set forth in *Strickland v. Washington*. 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Under the *Strickland* two-step analysis, a defendant must demonstrate that (1) his counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687–88, 694, 104 S. Ct. at 2064, 2068; *Andrews v. State*, 159 S.W.3d 98, 101–02 (Tex. Crim. App. 2005). A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *See Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *Andrews*, 159 S.W.3d at 101.

An appellant bears the burden of proving by a preponderance of the evidence that his counsel was ineffective. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Any allegation of ineffectiveness must be firmly founded

4

in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* at 814. When the record is silent, we may not speculate to find trial counsel ineffective. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). In reviewing counsel's performance, we look to the totality of the representation to determine the effectiveness of counsel, indulging a strong presumption that counsel's performance is within a wide range of reasonable professional assistance and trial strategy. *See Robertson v. State*, 187 S.W.3d 475, 482–83 (Tex. Crim. App. 2006); *Thompson*, 9 S.W.3d at 813. We will find a counsel's performance deficient only if the conduct is so outrageous that no competent attorney would have engaged in it. *Andrews*, 159 S.W.3d at 101. "When handed the task of determining the validity of a defendant's claim of ineffective assistance of counsel, any judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight." *Thompson*, 9 S.W.3d at 813 (citing *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984)).

## B. Analysis

Appellant contends that his trial counsel was ineffective because he misunderstood the law and presented the inapplicable defense of involuntary intoxication at the guilt-innocence stage of trial.

"A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession." TEX. PENAL CODE ANN. § 6.01(a)

5

(West 2011). "Involuntary intoxication" may constitute an affirmative defense to the commission of a crime if it is shown that (1) the accused exercised no independent judgment or volition in taking the intoxicant, and (2) as a result of a "severe mental disease or defect" caused by the involuntary intoxicant, the accused did not know that his conduct was wrong. *Mendenhall v. State*, 77 S.W.3d 815, 817–18 (Tex. Crim. App. 2002).

Our review of the record reveals that trial counsel did not present the defense of involuntary intoxication at trial. Counsel never requested that the jury charge include the affirmative defense, and no such instruction was included in the charge. Trial counsel also did not make any reference to the defense of involuntary intoxication during closing arguments.[2] Rather, he argued that the State had failed to show that appellant intentionally or knowingly caused Wetzel's injuries.[3] Further, the defense of involuntary intoxication was not raised by the evidence.

---

[2]    In fact, the State—not appellant—raised the defense of involuntary intoxication in closing arguments as a strawman to knock down.

[3]    After reading the definitions of "intentionally" and "knowingly" from the charge during closing arguments, trial counsel argued:

> No motive, no reason, no intent to do what happened. And if you don't know those kind of things based upon this Court's charge, everything can happen, but you can still be not guilty. Because if you're not aware that you're acting with knowledge or with intent to cause the result and there's no rhyme or reason for any of this to have happened, you can throw out well, mean as a snake and ornery and sorry and all those kinds of adjectives you want. But none of them apply in this case because there is no evidence of that.

6

Although trial counsel elicited testimony that Wetzel gave a pill to appellant and that appellant felt strange after taking it, appellant testified that he took the pill and never claimed that he had not exercised independent judgment or volition in taking it. [4] *See Mendenhall*, 77 S.W.3d at 817–18 (noting that involuntary intoxication may constitute affirmative defense to commission of crime if it is shown that accused exercised no independent judgment or volition in taking intoxicant and, as result of "severe mental disease or defect" caused by involuntary intoxicant, accused did not know that his conduct was wrong).

In sum, the record does not show that trial counsel either misunderstood the law or presented a defense of involuntary intoxication during the guilt-innocence phase of trial. *See Thompson*, 9 S.W.3d at 813 (stating allegation of ineffectiveness must be firmly founded in record, and record must affirmatively demonstrate alleged ineffectiveness). Thus, appellant's contention that his trial counsel's performance in proposing an involuntary intoxication defense did not meet an objective standard of reasonableness fails.

---

[4] Trial counsel's presentation that appellant took the pill, coupled with testimony that appellant had mental issues, could have been part of his strategy trying to raise reasonable doubt as to the mens rea of the charged offense. *See, e.g.*, *Thompson v. State*, No. 14-12-00958-CR, 2014 WL 2158152, at *2 (Tex. App.—Houston [14th Dist.] May 22, 2014, no pet.) (concluding trial counsel's presentation of defendant's prescription drug use could have been part of reasonable trial strategy trying to raise reasonable doubt as to mens rea element of charged offense).

Moreover, even if the record affirmatively demonstrated counsel's deficiency, appellant has failed to show that, but for his trial counsel's error, the result of the proceeding would have been different. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). In this case, trial counsel conducted a thorough voir dire, cross-examined the prosecution witnesses developing reasonable doubt where he could, presented a plausible defense, and argued that the State had failed to prove that appellant had intentionally or knowingly caused Wetzel's injuries as required to find him guilty of the charged offense. Further, the State's case was strong. The evidence showed that appellant fired the gun into his bedroom door while Allen and their son were in appellant's room, and that he reloaded the gun and walked to the back patio where Jackson and Wetzel were talking; Jackson and Wetzel identified appellant as the person who shot Wetzel in the face; Jackson testified that appellant told him that he was next as appellant attempted to reload the shotgun, and that he had to restrain appellant until appellant had calmed down. Although appellant alleges that, absent counsel's error, the results of the trial would have been different, he has not discussed any specific instances or examples to show how the results would have been different. *See id.* (noting that if defendant cannot prove both prongs under *Strickland*, trial counsel's representation will not be found ineffective).

Based on the record before us, appellant has not rebutted the strong presumption that his trial counsel's performance was within the range of reasonable professional assistance. *See Lopez*, 343 S.W.3d at 142; *Robertson*, 187 S.W.3d at 483; *Thompson*, 9 S.W.3d at 813. Nor has appellant demonstrated that, but for his trial counsel's alleged deficiency, there is a reasonable probability that the result of the trial would have been different. *See Lopez*, 343 S.W.3d at 142. Having concluded that appellant failed to establish both elements of an ineffective assistance claim, we overrule appellant's sole issue.

## Conclusion

We affirm the trial court's judgment.

Russell Lloyd

Justice

Panel consists of Justices Higley, Huddle, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).